### JONES v. SHAVER.

A sold his "equitable title" to a tract of land to B, who executed his note to A for the purchase money. It turned out that A had no title available at law or in equity: Held, that there was a total failure of consideration.

Error to the Circuit court of Washington county.

*Frissell for Appellant.*

1st. That the equitable title of Jones in the lots sold to Shaver, constituted a valuable consideration for the bond sued upon. Greenleaf vs Cook, 4th Cond. R. 7; 2 Peters 182 Story J.; Violet vs. Potter, 2 Cond. Rep. 214; Chitty on Contracts 5 to 8.

2nd. Where land has been bona fide sold but not conveyed until after a judgment has been rendered against the seller, in the county where the land lies, the lien of the judgment does not extend to the land so sold, and the purchaser takes the title unaffected by the lien. Sedgewick vs Hollenback 7 John 376; Mo. Stat., 339, s. 2.

3rd. That the delay of Shaver for three years to procure the conveyance, when during all that time he could have had it upon request, would render him liable to pay the price even if it had happened that he had lost the lots, the loss happening through his own negligence.

4th. That hypothetical and speculative instructions if excepted to, are error. Chiral and others vs Reinerken, 2 Pet. 625.

5th. That it was the duty of Shaver the purchaser to prefer the deed and present it to masters to execute. Sugdon on vendors, 163–5.

*Brickey for Defendant in Error.*

1. That if the consideration for which the bond was given has wholly failed the plaintiff cannot recover, conseqently the circuit court committed no error.

2. The evidence preserved in the record shews that Jones had no right to the land sold to Shaver, and that the bond here sued upon was given in consideration of that land therefore void, and cannot be enforced against the defendants.

## Opinion of the Court by Napton Judge.

The appellant sued Shaver in the circuit court of Washington county, on a note for $325,00, by petition in debt. Defendant pleaded that the consideration of the note was a house and certain lots in the town of Caledonia, to which Jones at the time of the execution of the note had no title, and yet had none. Replication was filed, and issue taken. Defendant filed his bill for discovery, calling on Jones to state the consideration of said note, and whether he ever had or yet had any title. Jones' answer admits the note to have been executed for the consideration charged, but states that he purchased the lots from one Masters, and had paid Masters for the same; that Masters had not made him any title, but that the fact was well known to Shaver, and that he sold Shaver his (Jones,) equitable title. He states further that he gave Shaver an order on Masters for the title, and that Masters had been always ready to make the title to Shaver upon request.

Evidence was given in the trial conducing to show that Masters had always expressed a willingness to make a title to Shaver, until perhaps some two or three years after the transaction between plaintiff and defendant, when it seems he became doubtful as to the title of some land which Jones had let him have for the lots. Some judgments against Masters, amounting to about five hundred dollars, were offered and given in evidence, for the purpose I suppose of throwing a lien on the lots.

The jury found a verdict for the defendant, and the judg-

SEPT. TERM  ment went accordingly; the case is brought here by writ of
  1840.      error.

Jones          The court is of opinion, without a particular investigation
  v          of the testimony, that the answer of Jones alone was suffi-
.Shaver
A sold his   cient to warrant the finding a total failure of consideration.
"equitable    Jones does not show any title nor pretend to offer any which
'title" to a
tract of land is of any legal validity, or would be of any avail or benefit
to B who.exe- to Shaver.  He supposed himself to have an equitable title,
cuted his
note to A. for but according to his own statement,  he had  no title either
the purchase legal or equitable.  He had  nothing by which he could en-
money. It
turned out  force a conveyance from Masters to himself, much less could
thatA. had
no title avail- he transfer.such a power to Shaver.    Judgment affirmed.
able at law or in equity: Held, that there was a total failure of consideration.