Benton et al. v. Klein.

Scott, 19 Mo. 625; Gould v. Newburyport R.R., 14 Gray, Mass., 472; Skowhegan Bk. v. Farrar, 46 Maine, 293, particularly cases reviewed in opinion; Johns v. Allen, 5 Harring. 419; Plunket v. Le Huray, 4 Harring. 436.)

*Cline, Jamison & Day,* for respondent.

---

WILLIAM H. BENTON *et al.,* Respondents, *v.* BERNARD KLEIN, Appellant.

1. *Promissory Note — Equitable Defenses — Parol Contract.* — Where the answer to a suit on a promissory note denied the consideration implied by the use of the words "value received" in the body of the note, and the evidence tended to show a special contract between the maker and payee, at the time of the execution of the note, by which the former was to have a definite time to ascertain the value of a certain patent for which the note was given, and the evidence further tended to show that the patent was of no value whatever, such evidence constituted a good defense to the note sued on.
2. *Trial—Evidence—Jury.*—Where any evidence exists tending to show facts which constitute a good defense, the case ought not to be taken from the jury.

*Appeal from St. Louis Circuit Court.*

Defendants asked the following instructions, which were refused:

1. The plaintiffs have no greater interest in or title to the note than Daniel Klein had, from whom they acquired it, and the

defendant should be allowed every just set-off or other defense existing as against Daniel Klein in favor of the defendant before notice of the assignment.

2. If the jury find from the evidence that the defendant has never received a valuable consideration for the note in controversy, they will find for the defendant.

3. If the jury find from the evidence that the note in controversy was signed and delivered by the defendant, with the understanding and agreement that the note was only to be collected in the event of the "patent right" named becoming of use and value to the defendant, and that it was agreed that no payment should be made or required upon such note if such "patent right" should not prove of use and value to the defendant, and further find that the "patent right" has not become of use and value to defendant, they will find for defendant.

4. If the jury find from the evidence in the case that the "patent right" named was the consideration of the note, and that the payment of the note was conditioned upon such "patent right" becoming of use and value to defendant, and further find that without fault of defendant such "patent right" has never become of any use and value to defendant, then the plaintiffs cannot recover.

*Ledergerber, Bowman & Colcord*, for appellant.

I. The court erred in taking the case away from the jury when there was evidence introduced. (16 Mo. 502, 496; 18 Mo. 170; 19 Mo. 451; *id*. 84; 27 Mo. 55; 33 Mo. 202; 34 Mo. 98; *id*. 147; *id*. 461; 5 Mo. 110; 6 Mo. 73.)

II. If the parties, payee and maker, orally agreed that the doing of a certain act by the defendant should operate as a defense, and he did this, it constitutes a defense. (33 Ala. 33; 3 N. H. 455; 12 Wheat. 183.)

III. The evidence introduced is not a variation of the contract, but an explanation of it. (1 Ala. 358; 6 Ala. 146; 17 Pick. 177.)

IV. That the patent did not prove valuable, as promised and assured, is a valid and sufficient defense. (21 Mo. 338; 1 Wend.

225 ; 14 Pick. 220 ; see same, 217, as to what constitutes a valid patent.) The invention must be useful ; that is, capable of some beneficial use. (15 Johns. 231 ; 12 Conn. 232.)

*Krum, Decker & Krum,* for respondents.

I. Under the pleadings and evidence in this case, the only point is whether a party who has signed a written contract, promising that in six months he will pay a certain sum of money absolutely, can be allowed to show by parol evidence that it was at the same time verbally agreed that it was to be paid conditionally. In other words, whether a written contract may be altered and destroyed by a cotemporaneous verbal contract. This is the only defense made in the answer and attempted on the trial. (Jones v. Jeffries, 17 Mo. 577 ; Smith v. Thomas, 29 Mo. 307, and cases there cited ; 2 Pars. on Bills, 501, and cases there cited ; Lane v. Price, 5 Mo. 101 ; Singleton v. Fore, 7 Mo. 515 ; Woodward v. McGaugh, 8 Mo. 161 ; Cockrill v. Kirkpatrick, 9 Mo. 697.) The answer does not set up fraud, illegality, or want of consideration, but simply that it was not to be paid except on a condition. (2 Pars. on Bills, 508, 513 ; Sto. on Prom. Notes, §§ 17 and 18, p. 196.)

II. Even if this cotemporaneous contract had been in writing, it could not have been used as a defense to this suit ; because, while the note is payable to Daniel Klein, this contract was made with Kelsey & Klein, and the rights of Kelsey could not be adjudicated in a suit brought by Klein, or his assignees, the plaintiffs. (Webb v. Spicer, 13 Ad. & El., N. S., 886 ; Salmon v. Webb, 16 Eng. L. and Eq. 37, approved in 2 Pars. on Bills, 537–8.

FAGG, Judge, delivered the opinion of the court.

This was a suit in the St. Louis Circuit Court upon a promissory note not negotiable. The answer denied the consideration as implied by the use of the words "value received" in the body of the note. The execution of the paper itself was not denied, but a special contract between the maker and payee was alleged to have been made at the same time, by which the former was to have a definite time to ascertain the value of the thing

purchased, and for which the note was given. It was averred that if, upon such trial, the same should prove to be valueless, no portion of the note should be demanded as paid. The thing purchased was the right to manufacture and sell in certain counties in this State a certain "patent improvement in water elevators." The answer further averred false representations, on the part of the payee in the note, as to the cost of manufacturing the articles in question, and that, after being put to great expense in testing the value of the improvement, it had turned out to be of no value whatsoever. Only one witness was examined on the part of the defense, and, at the conclusion of his testimony, the court, at the instance of plaintiffs' counsel, instructed the jury as follows: "The evidence introduced by the defendant does not amount to any defense to the note sued on."

The parties instituting the suit were the assignees of the payee in the note, but there is no question as to the right of the maker to set up the defense which he did. If the facts stated existed previous to any notice of the assignment, and there was any evidence whatever tending to prove them, the case ought not to have been taken from the jury. It ought to be a very clear case indeed to authorize such a practice as this. Whether the statements of the defendant (being the only witness in his own behalf) are worthy of credit or not, belongs exclusively to the jury to determine. They must also pass upon the sufficiency of the testimony to prove the matter relied upon, if it tends in the remotest degree to establish it. We think, upon an examination of the testimony, that there was sufficient to let it go to the jury, and that the instruction was erroneous.

The instructions asked on the part of the defendant, and refused by the court, substantially embodied the principles of law governing in such cases. The facts developed in another trial may not be precisely the same, and we shall not therefore say that they should be given in the exact form in which they were drawn.

For the error in giving the instruction asked by plaintiffs, the judgment must be reversed and the cause remanded. The other judges concur.