IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

OCTOBER TERM, 1874, AT ST. LOUIS.

---

JOSEPH C. BETHEL, Defendant in Error, *vs.* A. T. FRANK-
LIN, *et al.*, Plaintiffs in Error.

1. *Partnership—Note given outgoing partner for assets—Suit on in action at law, when proper.*—Where one of two co-partners buys the notes and accounts of the firm at their face value and gives the co-partner his note for the amount with the understanding that where the notes and accounts prove worthless, a rebate *pro tanto* should be made on the purchase note, *held*, that in suit on the note in an action at law, defendant might, where these assets prove valueless, set up the facts to that extent as a defense to the note. No resort would be necessary in the first instance to a bill in equity for the purpose of settling the partnership. (See Russell vs. Grimes, 46 Mo., 410.)

*Error to Montgomery Circuit Court.*

*Davis, Thoroughman and Warren,* for Plaintiffs in Error.

*Wm. Galewood,* for Defendant in Error.

I. In Russell vs. Grimes, (46 Mo., 410,) suit had been brought for settlement of partnership accounts; referees had reported the amount due the firm, and division had been made of the assets between the partners; being a complete settlement by a court of competent jurisdiction.

Taking the amended answer of defendant to be true, they hold a demand against the partnership firm, which can be adjusted only by a suit in chancery for a settlement between the partners. (Bond vs. Bemis, 55 Mo., 524; Finney vs. Turner, 10 Mo., 208; Field vs. Oliver, 43 Mo., 200; McPherson vs. Week, 30 Mo., 345; Lamb vs. Brolaski, 38 Mo., 51.)

Vories, Judge, delivered the opinion of the court.

This action was brought in the Montgomery Circuit Court, in the year 1871, to recover the amount due on a promissory note charged to have been executed by the defendants to the plaintiff for the sum of four hundred dollars, bearing date the first day of October, 1860, and payable eleven months after date, with ten per cent. interest after the first day of March, 1861.

The defendants appeared to the action and filed an answer to the petition, in which they admitted the execution of the note, and set up matters in avoidance of the action.

The plaintiff demurred to the answer, on the ground that it set up no defense to the action, setting forth in detail the special grounds of demurrer.

The court sustained the demurrer, and the defendants failing to further plead in the action, final judgment was rendered in favor of the plaintiff for the amount named in the note sued on, with interest. The defendants in due time filed their several motions for a new trial and in arrest of the judgment, which being severally overruled by the court, the defendants filed their several exceptions, and have brought the case to this court by writ of error.

The only question presented to this court is, whether the answer of the defendants constituted any defense to the plaintiff's action. If it did, then the demurrer to the answer was

improperly sustained and judgment improperly rendered for the plaintiff.

The answer of the defendants is a long one, and is rather confused in its statements, but after the admission of the execution of the note sued on, the answer sets up substantially the following facts in defense : That at the time of and immediately before the execution of the note sued on, the plaintiff and the defendants, Franklin and Clanton, were equal partners in the business of buying and selling goods; that previous to the formation of said partnership, plaintiff and defendant Franklin had been equal partners in said business ; that, at the time of the formation of the partnership between plaintiff and the defendants, Franklin and Clanton, the firm composed of plaintiff and defendant Franklin, were the owners of notes and accounts amounting to the aggregate sum of $800, which were, at the time of the entering into the partnership between plaintiff and defendants, Franklin and Clanton, transferred and turned over to the last named firm for collection; that after the firm composed of plaintiff, Franklin and Clanton had been in business for a time, to-wit: on the 1st day of October, 1860, the plaintiff proposed to sell out his interest in the firm and business to defendants Franklin and Clanton, exhibiting to them at the time a statement of the liabilities and assets of the firm, except the goods and merchandise then on hand, and also a list showing the balance due and uncollected on the notes and accounts transferred to said firm by the firm of Bethel and Franklin as aforesaid ; the plaintiff then requesting that an invoice should be taken of the goods then on hand, which was taken and made out by the parties, and which amounted to the sum of $1,800; that the notes and accounts of indebtedness belonging to said firm, as per the statement made of them, also amounted to the sum of $1,800 ; that the uncollected notes and accounts assigned to said firm by the firm of Bethel and Franklin as aforesaid, amounted to the sum of $466.66, and that the liabilities of said firm amounted to the sum of $2.800 ; that after the invoice of the goods was made, as aforesaid, by

and between plaintiff and defendants, Franklin and Clanton, it was agreed between all the parties that they would dissolve their partnership and that plaintiff would sell his entire interest in said partnership and the effects thereof to defendants, Franklin and Clanton, and said defendants agreed to purchase the same, on the terms following, to-wit: that the said Franklin and Clanton should assume and pay debts of the firm to the full amount of the invoice value of the goods and merchandise, that is to say, $1,800, and said goods should be transferred to them, and that the notes and accounts belonging to said firm should also be transferred to said defendants, Franklin and Clanton, also amounting to $1,800, and that the money collected thereon should be applied to the payment of the balance of the indebtedness of said firm, or a sufficiency thereof for that purpose, said balance of said indebtedness being $1,000; that said defendants should pay plaintiff $100 in cash, as a part of the plaintiff's one-third share of the excess of assets over the liabilities of said firm, amounting in all to $800, and should also give and execute to plaintiff a note, with defendant, Nunnelly, as surety thereon, for the sum of $400 for the balance of plaintiff's share of said excess and his share of the notes and accounts which were uncollected, and which had been assigned to said firm as before stated, which said note for $400 was then executed and delivered to plaintiff, and is the same note sued on; that as a part of said contract and agreement, it was agreed that the defendant, Franklin, should have the right to the use of the money collected on said assigned notes and accounts assigned by Franklin and Bethel aforesaid in payment of any debts due by the firm of Bethel & Franklin, and that one-half of the amount so paid should be credited on the note sued on, and that one-half of all debts so assigned as aforesaid which should prove to be worthless and not collectable, should also be credited upon the note sued on, and that one-third part of the amount of the notes and accounts of the said firm of plaintiff, Franklin & Clanton, in excess of the liabilities of said firm that should prove to be unavailable, should also be entered as a credit on said note.

The defendants then aver that in pursuance of said agreement the said goods and merchandise were transferred to defendants, Franklin & Clanton, and that they assumed and paid $1,800 of the debts of said firm, and that they paid plaintiff the said sum of one hundred dollars in cash, and executed to plaintiff the note sued on with defendant Nunnelly as surety thereon, and that said notes and accounts as per said agreement, were assigned and transferred to them ; that all of the money collected on said notes and accounts of the firm was applied by them to the payment of said balance of the said liabilities ; and defendants aver that there was not a sufficient amount collected, or which could be collected on said notes and accounts, to pay said balance, and that the amount of $1.000 of said notes and accounts was unavailable ; that immediately after the execution of the note sued on and the assignment of said notes and accounts of said firm to said Franklin and Clanton, the plaintiff collected and appropriated to his own use one of the said firm's accounts so assigned to them, that is to say, one account against one G. Nunnelly for the sum of $160 ; that the greater part of the balance of said notes and accounts so assigned to the firm by said Franklin and Bethel, amounting to the sum of $300, were and are unavailable, and that the sum of $166.66, collected by them on the same, was used and applied by said Franklin in payment of the liabilities of the firm of Franklin & Bethel. The defendant's therefore say that by reason of the premises aforesaid, the consideration for said note to plaintiff sued on has wholly failed, and they do not owe the amount thereof, or any part thereof, wherefore they pray judgment, etc.

It is contended by the plaintiff that the court properly sustained the demurrer to the defendant's answer, on the ground that the defendants, by their answer, ask to open up the settlement of a partnership account, and then to settle the partnership accounts in an action at law brought by one partner against the other partners, which cannot be done in an action at law, but can only be done by a bill in the nature of a bill in equity to settle the whole partnership business.

This, I think, is a misconception of the nature of the defense attempted to be set up in the answer. If the averments in the answer are true, the partnership which had existed between the plaintiff and two of the defendants had been entirely settled at the time of the execution of the note sued on; the plaintiff had transferred his entire interest in the business and the partnership effects of every description to his co-partners, who are the defendants, Franklin and Clanton, after which of course he ceased to be a partner or to have any further interest in the partnership effects. The co-partners of plaintiff had taken the notes and accounts of the firm at their nominal value, and executed the note sued on as a part of the consideration to be paid by them for the interest of plaintiff in the partnership effects, the plaintiff agreeing with his co-partners that if any of these notes and accounts of the firm thus transferred to Franklin and Clanton turned out to be insolvent or worthless, one-third of such amount should be rebated from the note sued on, and that one-half of any debts of the old firm of Franklin & Bethel which should be paid by Franklin out of the moneys collected on the notes and accounts assigned should also be credited upon, or rebated from the amount of the note sued on.

It will be seen that by this arrangement plaintiff retained no legal title to any part of the effects of the firm of which he had been a partner. His interest in the notes and accounts was only such an interest as a vendor of a horse would have in the horse sold, where he had given a warranty as to his soundness or qualities. The answer further charges that one of the accounts which had been turned over to Franklin & Clanton, as a part of the consideration of the note sued on, had been collected by plaintiff, and the money thus collected, amounting to $160, converted to the plaintiff's own use. Surely the consideration of the note has failed to that extent, if that charge be true. It seems to me that although the answer was not concisely drawn, the defense, as stated therein, comes exactly within the principle enunciated by this court in the case of Russell vs. Grimes, (46 Mo., 410). And if the

principals in the note could set up this defense to the note as to them, the same defense could, of course, be good as to their surety. The court, therefore, erred in sustaining the demurrer to the answer, and in rendering judgment thereon for the plaintiff.

The judgment will be reversed and remanded to the Circuit Court, where the plaintiff can withdraw his demurrer and reply to the answer, and the case proceed to trial. Judge Lewis, being of counsel in the case, did not sit; the other judges concur.