KEITH *et al.*, *Plaintiffs in Error*, v. HOBBS.

1. **Patents:** JURISDICTION OF STATE COURTS. State courts have the right to inquire into the validity of a patent for an invention issued by the United States when the question comes up collaterally, as where an action on a promissory note given in consideration of the assignment of an interest in a patent is defended on the ground that the patent is void.

2. **Assignment of void Patent Constitutes no Consideration.** It is a good defense to an action on a promissory note given in consideration of the assignment of the right to make, use and vend a patented article within a limited territory, that while the specifications accompanying the letters patent call for water as one of the ingredients to be used in the composition of the article, the waters in common use in a portion of the territory sold, by reason of their alkaline properties, or for other reasons, will not produce the desired result. Such specifications are insufficient, the patent is void, and the assignment constitutes no consideration for the note.

*Error to Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

*A. Comingo* for plaintiffs in error.

*Bryant & Holmes* for defendants in error.

NORTON, J.—Plaintiffs' action is founded on a note executed to them by defendants. Defendants' answer admits the execution of the note, and alleges total failure of consideration for the note, and also fraudulent representations by plaintiffs as to the patent right, the sale of which constituted the consideration for the note sued on. Plaintiffs' reply admits that the note was executed for and in consideration of the sale of a patent right; but they deny failure of consideration and fraud as alleged by defendants.

At the trial there was testimony on the part of defendants tending to show that the patent right sold defendants by plaintiffs, was of no value, and testimony on the part of plaintiffs tending to show that it was valuable and useful. There was also testimony tending to prove fraud and to disprove it as alleged. Defendants read in evidence the letters patent to plaintiffs, No. 78,672, for the invention described in said letters patent as a new and useful "improved composition for tanning." The sale of the right to make, use and vend this composition, in certain States and Territories, one of which was Colorado, was the sole consideration of the note sued on. Defendants also read the schedule annexed to and forming a part of the letters patent. In this schedule water is mentioned as one of the necessary ingredients to be used in preparing the composition. The quantity to be used is indicated in the schedule, but the schedule does not mention any particular kind of water, except that it must be boiling water. The evidence also tended to show that the waters of Colorado in general use would not accomplish the end for which water was used in the composition, by reason of their alkaline qualities or otherwise, also that the composition was worthless and could not be used in tanning leather. Eli Keith, one of the plaintiffs, testified, among other things, on cross-examination by defendants, to the following facts:

that he was the sole inventor of the tanning process, for which the letters patent were granted, that his co-patentee, plaintiff Eylar, furnished money and services, and thus became interested in the patent, but that he, Keith, performed the experiments that resulted in perfecting the invention. Much testimony was admitted and excluded by the court, to which plaintiffs saved exceptions, but inasmuch as it does not in any measure affect the objectionable instructions given for defendants, the action of the court in that behalf is not assigned as error. The errors here complained of are the giving of improper instructions, and the overruling of the motion to set aside the non-suit and grant a new trial.

The court, at the instance of plaintiffs, gave three instructions, substantially as follows : 1. That notwithstanding the jury should find that the defendants failed to use the tanning composition successfully, they must find for the plaintiffs as to the first defense, unless defendants showed that the composition was wholly useless, and could not be successfully used by practiced tanners, as a means or in the process of tanning. 2. That if the composition was valuable, the jury would find for plaintiffs, as to the first defense, notwithstanding defendants had failed to use it successfully. 3. That the jury must find for plaintiffs as to the alleged fraudulent representations, unless they were actually made, were known to be false when made, and defendants were thereby induced. &c., &c.

Defendants asked six instructions as follows : 1. That in order to support the letters patent, in evidence, it is absolutely necessary that the alleged improved composition for tanning be new, and should the jury be satisfied from the evidence, either that the leather produced by said composition was not as good in quality at a cheaper price, or that it was not better in quality at the same price, as leather manufactured by the old and usual process, then said composition is not new within the meaning of the law, and for that reason said letters patent are void ; there was

no consideration for the note sued on, and the verdict must be for the defendants.

2. The jury are instructed that the inventor should confine his specifications to substances which he knows will answer the purpose for which they are used; that the specification accompanying the letters patent, read in evidence, makes use of the general term *water*; and if the jury believe from the evidence that the waters of the territory of Colorado in general use will not accomplish the end for which water is used in the said composition, either by reason of their alkaline properties, or otherwise, then the specification is insufficient, and the letters patent are void; there was no consideration for the note sued on, and the verdict must be for the defendants.

3. The jury are instructed that if they believe from the evidence that the alleged improved composition is worthless, and cannot be beneficially used for the purpose of tanning leather, or if the jury should be satisfied, from the testimony, that any one or more of the ingredients mentioned in the specification as essential, is either disadvantageous, or utterly useless, then, and in either of said cases, the letters patent are void, and the verdict should be for the defendants.

4. The jury are instructed that the letters patent are *prima facie* evidence that the plaintiffs are the joint inventors of the so-called improved composition, yet that fact may be disproved; and if the jury should be satisfied, from the testimony, that said composition was invented by the plaintiff, Keith, alone, and not by Keith & Eylar jointly, the letters patent are void; there was no consideration for the note sued on, and the verdict must be for the defendants.

5. The court instructs the jury that the specification accompanying the letters patent, read in evidence, must in and of itself contain a full, clear and exact description of the invention, and if the object of the alleged patent improved composition for tanning cannot be obtained when

the specification is fairly followed out, by competent workmen, of ordinary skill and proficiency in the art of tanning, without invention or addition of their own, or if, in order to obtain the object of the patent, information must be derived from other sources than the specification, as by experiments or from using other ingredients to make the thing described; or if it requires the solution of a problem; then, and in either of said cases, the letters patent are void, and the note sued on is without any consideration, and the jury must find for the defendants.

The sixth instruction for defendants is substantially the same as plaintiffs' third. The court gave all defendants' instructions except the first. Plaintiffs took a nonsuit with leave to move to set aside, and filed motion accordingly, which was overruled, and plaintiffs excepted.

The plaintiffs insist that the action of the court in giving the declarations of law asked by defendants was erroneous, because they are inconsistent with those given for plaintiffs, because they are not predicated on the pleadings, and because the court had no jurisdiction to inquire into the validity of the patent for which the note in suit was given. Counsel have not attempted to point out the alleged inconsistency between the instructions given on the part of plaintiffs and defendants, and we are unable to perceive that it exists. Nor are we able to discover that the instructions are not predicated on the pleadings and facts in evidence. The defense to the note is founded on the theory of want of consideration and fraudulent representation on the part of the vendors of the patent. The instructions given on both sides are applicable to the defense thus set up, and only touch the questions raised by it.

It is, however, claimed that under the laws of the United States the United States courts have exclusive jurisdiction in all cases involving the validity of patents, and that, therefore, the action of the court was erroneous in directing the jury that if they believed certain facts recited in the instructions were true, the patent sold by plaintiffs

to defendants was void, and constitutes no consideration for the note given for it.  If this was a proceeding for an infringement of a patent or a direct proceeding to invalidate a patent, there could be no doubt but that the Federal courts would have exclusive jurisdiction, and that it could not be exercised by the State courts.  But it is equally clear that where the validity of a patent is called in question or arises collaterally in a proceeding of which a State court has jurisdiction, such court may then pass upon the question. In the case of *Billings v. Ames*, 32 Mo. 265, where the validity of a patent was collaterally questioned, it was held " that it was insisted by appellants that this is virtually a suit for an infringement of a patent, and is, therefore, only cognizable in the Federal courts.  We think differently. It is a suit on a contract in which the patent is brought in collaterally ; and while it is settled that the validity of a patent-right is a subject peculiarly within the jurisdiction of the courts of the United States, it is equally well settled that when it comes in question collaterally, its validity may become a subject of inquiry in the State courts." So in *Slemmer's Appeal*, 58 Pa. St. 155, 163.  SHARSWOOD, C. J., observes : " That the act of Congress of July 4th, 1836, section 17, provides ' that all actions, suits, controversies and cases arising under any law of the United States granting or confirming to inventors the exclusive right to their inventions or discoveries, shall be originally cognizable, as well in equity as at law, by the circuit courts of the United States.'  It has been held in the construction of this and former acts on the same subject, that the jurisdiction thus conferred upon the Federal courts is exclusive, so that the State courts have no cognizance of either actions at law or bills in equity in which the validity of a patent is directly involved.    *    *    But though patent-rights are peculiarly within the jurisdiction of the courts of the United States, yet it is undoubtedly true that when they come in question collaterally their validity may become a subject of inquiry in the State courts.  Thus, in a suit upon a prom-

issory note, if it is set up as a defense that the consideration was the sale of a patent-right, and that the patent is void, so that in fact there was no consideration, the State courts constantly exercise jurisdiction. * * Accordingly the courts of the United States refuse to take cognizance of cases between citizens of the same State, when they involve, not the infringement of a patent, but controversies growing out of contracts of which it is merely the subject matter. *Goodyear v. Day*, 1 Blatch. 565 ; *Burr v. Gregory*, 2 Paine 436 ; *Brooks v. Stolley*, 3 McLean 523.'' To the same effect are the following cases : *Rich v. Hotchkiss*, 16 Conn. 409 ; *Lindsay v. Roraback*, 4 Jones Eq. (N. C.) 124; *Sherman v. Champlain Transportation Co.*, 31 Vt. 162 ; *Hunt v. Hoover*, 24 Iowa 231 : *Nash v. Lull*, 102 Mass. 60. We have been cited to the case of *Elmer v. Pennel* 40 Me. 430, as sustaining the view of appellant and as asserting the want of jurisdiction of State courts even although the validity of a patent arises collaterally. The opinion in that case was not concurred in by Appleton, C. J., and in the case of *Nash v. Lull, supra,* it is said of it that it was inconsistent with the authorities upon the subject. We think it, therefore, clear that the trial court had jurisdiction in this case to pass on the validity of the patent, and that it was justified in predicating the invalidity of the patent on the facts stated in the various instructions. That it was so justified is abundantly shown by the following cases into an analysis of which we deem it unnecessary to enter. *Darst v. Brockway,* 11 Ohio 462; *McClure v. Jeffrey,* 8 Ind. 79 ; *Cross v. Huntley,* 13 Wend. 385 ; *Head v. Stevens,* 19 Wend. 411 ; 4 McLean 456 ; 1 Mass. 447, 473 : 18 Wis. 441 ; Curtis' Law of Patents, §§ 253, 256.

The last of the authorities referred to justified the court in giving the second instruction complained of. Judgment affirmed, with the concurrence of the other judges, except Judge HOUGH, who, having been of counsel, did not sit.

AFFIRMED.