## HUBBARD et al., Appellants, v. FUCHS.

### Division Two, June 29, 1901.

1. **Appellate Practice:** CONFLICTING EVIDENCE: NO FINDING OF FACTS OR DECLARATIONS OF LAW: PRESUMPTION. Where, in an action at law, the evidence is conflicting, and no finding of facts is made, and no declarations of law are requested or given, by which to enable the appellate court to determine whether the judgment rendered in the lower court was the correct one, the presumption will be indulged in favor of its correctness. Before questions presented upon appeal will be considered, it must appear that declarations of law in accordance therewith have been requested in the trial court.

2. ———: REVIEW: SUFFICIENCY OF EVIDENCE: EXCEPTIONS. The Supreme Court will review the judgment of a trial court where there is no evidence to justify such judgment, even though no declarations of law are requested. So, also, it will review the action of the trial court where exceptions are saved on points of law other than the giving or refusing of instructions.

Appeal from Bates Circuit Court.—*Hon. Jas. H. Lay,* Judge.

AFFIRMED.

*John S. Francisco* and *Leon Block* for appellants.

*C. A. Denton* for respondent.

BURGESS, J.—This is an action of ejectment for the possession of an undivided one-third interest in the north half of lot two, and west three-fourths of the north half of lot one, of the southwest quarter of section nineteen, in township thirty-nine, of range twenty-nine, in Bates county. The petition is in the usual form. The answer, after denying generally the allegations in the petition, proceeds as follows:

"Defendant, for further answer to said petition, says that the plaintiffs claim title to said land through one Clement W. Hubbard, whose children they claim to be, and they claim that said Clement W. Hubbard inherited an undivided fifth interest in said land from his father, Joel Hubbard.

"Defendant says that said Joel Hubbard died seized of lands, together with some 160 or 170 acres besides, upon which he resided and which constituted his homestead.

"That said Joel Hubbard died in the year 1873 and left a widow named Nancy Jane Hubbard, and two sons named Charles Hubbard and Clement W. Hubbard, and three daughters, to-wit, Ida Bell Hubbard, and Mary Adeline, wife of Almon L. Cook, and Ellen, wife of Bellamy.

"That said Joel Hubbard left a will, which was duly admitted to probate, whereby he appointed one Rufus G. Hartwell his executor, and directed that his said executor should sell all his lands and pay to his widow, Nancy Jane, five hundred dollars in lieu of dower, and to Almon L. Cook, husband of his daughter, Mary Adeline, the sum of one thousand dollars, upon the express condition that he take into his family his said son, Charles Hubbard, and his daughter, Ida Bell Hubbard, take care of and educate them until they became of age; and further provided that in case said Almon L. Cook should refuse to take said Charles and Ida Bell Hubbard into his said family and

educate and take care of them, then the said sum of one thousand dollars should be paid to them, and he further gave to each of the said Charles and Ida Bell Hubbard the sum of eight hundred dollars, and the residue of his said estate he gave to his son, Clement W. Hubbard, and his daughters, Adeline L. Cook and Ellen Bellamy.

"That said Rufus G. Hartwell qualified as executor and proceeded to administer on said estate.

"But the said Nancy J. Hubbard, widow of said Joel Hubbard, refused to accept the provisions made for her by said will, and afterwards filed her petition and had her homestead and dower in the lands of said Joel Hubbard set off to her, and the probate court appointed commissioners who set off to her about one hundred and twenty acres of land, and in which she, as the law then was, took a fee simple title.

"That the said Rufus G. Hartwell, as executor, being unable to comply with all the terms of said will, did not sell the lands of said Joel Hubbard, and did not pay the said Almon L. Cook the said sum of one thousand dollars so directed to be paid to him for the care and education of said Charles and Ida Bell Hubbard, nor did he pay the said sum of one thousand dollars to them, nor did he pay them, the said Charles and Ida Bell Hubbard, the sum of eight hundred dollars apiece, as directed by said will, nor any part thereof. But finally, on June 1, 1880, made a final settlement as executors without ever attempting to carry out the provisions of said will. Nor has the said Clement Hubbard, nor the plaintiffs, ever paid over to said Cook, Charles and Ida Bell Hubbard, the said sums of money so directed to be paid them. That the lands sued for and all the other land of which the said Joel Hubbard died seized, being forty acres now owned by one —— Culver, were not at the time of the death of said Joel Hubbard, and have never since been, nor are they now worth the amount of legacies

which were given said Cook and the said Ida Bell and Charles Hubbard.

"That the defendant has acquired all the interest of the said Almon L. Cook, Charles and Ida Bell Hubbard, in the land described in petition, by proper deeds of conveyance, and he and his grantors have been in the open, notorious, adverse possession thereof for more than ten years last past.

"Wherefore, he prays the court to require the plaintiffs, before it permits them to recover, to pay over to defendant the undivided fourth part of the legacies so given said Cook and Charles and Ida Bell Hubbard, with interest thereon since the death of said Joel Hubbard."

Plaintiffs filed reply, which is as follows:

"Now come plaintiffs, and for their reply to defendant's answer herein, deny all the allegations of new matter therein set out, and further replying say that if the defendant and his grantors had been in adverse possession for more than ten years last past, as set out in said answer, yet these plaintiffs are not barred from recovering herein, for the reason that during all the time of said adverse possession claimed by defendant, and for a long time prior thereto, these plaintiffs were all minors under the age of twenty-one years and unable to bring an action for the possession of said land, and that the two of age now arrived at their majority within two years prior to the time of filing their petition herein; that defendant is barred by the statute of limitation from setting up the new matter in his answer, for the reason that if the same constitute any cause of action or counterclaim or defense, the same accrued more than ten years prior to the filing of this suit without any effort to enforce the same by defendant or any other person."

The case was tried by the court, a jury being waived.

Plaintiffs adduced evidence tending to show that they

were entitled to recover possession of the land, and defendant that they were not.

The judgment was for defendant and plaintiffs appeal.

This is an action at law, in which the evidence was conflicting, and no finding of facts was made by the court, nor were any declarations of law asked, or given. It is impossible, therefore, for us to determine upon what theory of the case it was decided, or whether correctly or otherwise, but the presumption must be indulged in favor of its correctness. As was said in the case of Sells v. Bretelle, 162 Mo. 373, and Blankenship v. Dilley, 162 Mo. 338 : "If plaintiffs had desired to take the opinion of the trial court upon the questions which they now present upon this appeal, they should have asked declarations of law in accordance therewith," but having failed to do so they can not treat the case here just as if the questions which they now discuss had been raised by declarations of law either given or refused.

Now, if there was no evidence to justify the judgment, this court would interfere although no declarations of law were asked (Hartt v. Leavenworth, 11 Mo. 629; Robbins v. Phillips, 68 Mo. 100; Pipkin v. Allen, 24 Mo. 520; Heyneman v. Garneau, 33 Mo. 565; Morris v. Barnes, 35 Mo. 412; Wilson v. Albert, 89 Mo. 537; State ex rel. v. Guinotte, 156 Mo. 513), but such is not the case. So it has been held by this court that it will review the action where exceptions are saved on points of law other than the giving or refusing of instructions (Wilson v. Albert, supra, and authorities cited), but no such question is presented by plaintiffs' brief.

For reasons indicated we affirm the judgment. *Sherwood, P. J.*, and *Gantt, J.*, concur.