## CHAONIA STATE BANK, Respondent, v. JAMES SOLLARS, Appellant.

### Springfield Court of Appeals, May 19, 1915.

1. **BILLS AND NOTES: Consideration: When Sufficient: Evidence.** Suit on a promissory note, defended on the ground of failure of consideration in that the note was given for the purchase price of land, the title to which failed. Defendant and another having given their joint note to plaintiff bank, when same became due, defendant requested the bank, when preparing to enforce the note against him, his co-maker being a non-resident, to sue his co-maker by attachment along with him, in order to apply certain land which co-maker owned, to the payment of the note. Plaintiff brought such suit, making present defendant a party. At execution sale the land was sold to one who, with defendant, executed another note to plaintiff for the price, the sheriff's deed being made to such purchaser. Because third parties, owning interest in the land, had not been made parties to the attachment suit, the title failed. The purchaser having refused payment of the note, defendant is *held* liable thereon and defense of failure of consideration by him is not tenable since the transaction throughout was for his benefit.

2. ———: ———: **Surety and Accommodation Maker.** Defendant joined in the making of a note to plaintiff bank to cover the purchase price of certain land sold under execution, his object being that the proceeds of the sale should go to pay a joint liability of himself and the execution debtor to such bank. He cannot escape liability on the note, when the title to the

land fails, on the ground that he is a mere surety or accommodation maker.

3. ———: Accommodation Party: Who Not. Where one signs a note as maker for a consideration moving to himself he is not merely an accommodation party. [Sec. 10000, R. S. 1909.]

4. ———: Failure of Consideration: Defense to. Whom. Action on a note given by defendant and another to plaintiff bank in payment of certain land purchased by the other party at an execution sale. Because the plaintiff bank promised to guarantee the title, which failed, defendant was not released from liability on the note, the promise not having been made for his benefit.

5. EXECUTION: Sheriff's Sales: Title How Acquired. One who bids in land at a sheriff's sale under execution, in the absence of a sheriff's deed to him, receives no title.

6. TRIAL: By Court: Purpose of Declarations of Law. In a trial by the court without jury the only object of declarations of law is to disclose the theory on which the court decides the case and a declaration that under the law and evidence the finding will be for the plaintiff means nothing.

7. ———: ———: Requesting Declarations. In a trial without a jury, should defendant desire the court to pass on a question of law based on disputed facts, he should submit a declaration of law based on facts favorable to his theory.

8. BILLS AND NOTES: Joint Liability: Comakers: Discharge. Action on a note between plaintiff bank and defendant, who was a joint maker with another. Payment of judgment by defendant does not extinguish the note as between him and his comaker, but the same is valid as between them.

Appeal from Wayne County Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*O. L. Munger* and *Daniel & Wise* for appellant.

(1) The fact that under our statute an accommodation maker, or surety, is jointly liable as a co-maker does not annihilate the equities which attend the relation of principal and surety. Stolze v. Fidelity & Guaranty Co., 153 Mo. App. 34. (2) An agreement

to the effect that if the title to the land sold, and in
payment for which a note is given, shall fail, the payors
will not be required to pay said note, is, after the title
thereto has failed, a complete defense to a suit on such
note.   Benton v. Klein, 42 Mo. 97; Wellman v. Dis-
mukes, 42 Mo. 101; Bethel v. Franklin, 57 Mo. 466;
Fisher v. Stevens, 143 Mo. 181; Holmes v. Farris, 97
Mo. App. 305; Garr v. Hill, 113 Mo. App. 10.   (3) A
note sued upon, and upon which suit is brought and a
judgment procured is merged in the judgment.   Cook-
sey v. Railroad, 74 Mo. 477; Kendrick v. Mfg. Co., 60
Mo. App. 25; Railroad v. Flannigan, 95 Mo. App. 485.

*Anthony & Davis* for respondent.

(1)   The note sued on was given as a discharge
of the old note of Sollars and Green, the judgment ren-
dered in the attachment suit against Sollars and others,
as well as the costs and expenses of the attachment pro-
ceedings.   It further extended the time of payment to
Sollars for one year.   These facts constituted a suffi-
cient consideration as against Sollars. Johnson v. Gray-
son, 230 Mo. 403; Babbit v. Railroad, 149 Mo. App. 439;
Lecke v. Bennett, 160 Mo. App. 159; Secs. 9995, 9996,
10000, 10161, 10089 and 10090, R. S. 1909; Nelson v. Dif-
fenderfer, 178 Mo. App. 48; Montgomery v. Schwald,
177 Mo. App. 75; Bank v. Graham, 74 Mo. App. 256;
Hanson v. Yeary, 159 Mo. App. 155; Osborn v. Fredich,
134 Mo. App. 455; Bank v. Railroad, 172 Mo. App. 662.
(2) The fact that the respondent bank may have taken
a mortgage from the Eatons and Wrights on the lands
purchased by them at Sheriff's sale to secure the note
sued on, does not prevent the maintenance of this ac-
tion.   Moffat v. Green, 149 Mo. 55.   (3) The deed exe-
cuted by the sheriff was in the usual statutory form.   It
conveyed only the interest Green had in the land.   It
contained no covenants of warranty, title, season, pos-
session or against encumbrances.   The doctrine of

*caveat emptor* applies to such an instrument. 24 Cyc., page 57; Rosenberger v. Jones, 118 Mo. 559.

STURGIS, J.—This suit is on a promissory note. The principal defense is a failure of consideration in that the note was given for the purchase price of a tract of land the title of which failed. The court found against this defense and rendered judgment for plaintiff. The cause was tried to the court without a jury and no declarations of law were asked or given except that the court should find for the plaintiff under the law and evidence.

The facts leading up to the giving of the note in question are that originally defendant and one Green borrowed money from the plaintiff bank, giving their note, not the one here sued on, therefor. The defendant claims that he was an accommodation maker on this prior note for Green, while there is evidence to sustain the finding that both defendant and Green were interested in the money loaned them by the bank. The rights of Green and defendant with respect to each other, however, are not here in controversy. Their note to plaintiff was their joint and several contract. When this note became due Green was a nonresident and the note could and was about to be enforced against defendant. Green was supposed to own a tract of land, the one now involved. At defendant's request, and for his protection, the plaintiff bank brought suit by attachment against Green on this prior note, the defendant also being a party defendant, and attached Green's land. In order to have the plaintiff bank sue and attach Green's land the defendant agreed to pay all costs of the attachment suit. This suit ripened into judgment against this defendant and Green, a general judgment being taken against this defendant and a special judgment against Green's land. The land was then sold under execution and bid in by an officer of the plaintiff at a sum somewhat less than the judg-

ment debt. The real arrangement, however, between the plaintiff and defendant was to sell the land to a third party for enough to pay plaintiff's judgment and the costs. The plaintiff had no other object than to realize enough to pay its judgment and costs and defendant was equally interested in so doing, seeing that he was liable for all of it.

There is evidence to show that defendant and plaintiff jointly negotiated the sale of the land to Eaton and Wright, who will be designated as the third party, who agreed to pay enough therefor to pay off the judgment and costs. This third party would buy the land only on time and agreed to give a note signed by himself and defendant, secured by deed of trust on the land, and to this defendant agreed. The arrangement was that plaintiff would pay the costs of the suit to the court officials, which, as we have noted, defendant had guaranteed, and add this amount to the judgment indebtedness, the judgment being against defendant, and take a note, the one now in question, for the whole amount signed by the third party and defendant, and have the sheriff make the deed to the third party as purchaser. This was carried out. The sheriff's deed was made to the third party, who thereby supposed he was acquiring title to the land, and such third party and defendant executed the note in controversy to plaintiff, the same being secured by a deed of trust on the land conveyed to the third party by the sheriff. If this note is collected, then plaintiff will have received the amount due it on the note given by Green and defendant together with the costs of the attachment suit instituted at defendant's request against Green; otherwise, not.

It turned out that Green had no title to the land attached and conveyed by sheriff's deed to the third party, or at least a suit was brought by an outside party against such purchaser, who notified plaintiff and defendant, and, none of them appearing, the title to the land was adjudged by default to be in the outside

party. The plaintiff, though holding the deed of trust on the land, was not made a party to that suit. There is evidence to show that in order to induce this third party to buy the land and take a sheriff's deed to him, certain officers of the plaintiff, together with defendant or at least with defendant's approval, guaranteed, verbally, a good title to such land. This third party, having lost the land, refused to pay this note given by him as the purchase price thereof and the defendant also refusing to pay, this suit was brought.

It would seem from this statement of the facts that the trial court did the right thing in rendering judgment for plaintiff. By this means the plaintiff will collect what is justly due it—the judgment on the note given by Green and defendant with costs. The plaintiff could have at once collected this money from defendant and it ought not to be prejudiced in its rights, nor ought defendant to profit, by the fact that plaintiff, at defendant's request and for his supposed benefit, attempted to collect the same from Green as a comaker on the original note. It is certainly no fault of plaintiff that Green had no title to the land which was attached and sold and that thereby the plaintiff has failed to collect its judgment from that source. The defendant is in no worse condition than he would have been had the plaintiff compelled him to pay at once, except that certain costs have been added arising out of the attempt to collect from Green which costs were made at his request and for his supposed benefit.

Is there any legal barrier to the rendition of the judgment in favor of plaintiff by the trial court? We think not. It is said by defendant that the consideration of the note now in suit has totally failed and that no judgment should be rendered thereon. We will grant, as claimed by defendant, that a note given in payment of land where the purchaser receives no title is without consideration. [Jones v. Shaver, 6 Mo. 642;

Keith v. Hobbs, 69 Mo. 84.] But this rule applies here only to the third party receiving the sheriff's deed. This land was being sold to pay defendant's debt and he owed plaintiff the debt represented by this note independent of any such sale or transfer of the land. When we regard substance and not form, the note sued on, so far as defendant is concerned, was taken by plaintiff not to pay for land it was selling to such third party but in payment of the judgment against defendant and Green. There was ample consideration for the note sued on so far as concerns defendant, regardless of the title to the land conveyed to the third party. [Johnson v. Grayson, 230 Mo. 380, 403, 130 S. W. 673; Leckie v. Bennett, 160 Mo. App. 145, 158, 141 S. W. 706; Section 9996, R. S. 1909.]

This also disposes of the contention that the failure of consideration as to a principal of a note releases a surety. Defendant is not a mere surety nor an accommodation maker. One who signs a note as maker for a consideration moving to him is not merely an accommodation party. [Section 10000, R. S. 1909.]

What we have said as to a failure of consideration of the note sued on disposes of the contention that verbal promises made by a vendor to the vendee touching a release of the note in case of a possible failure of title will constitute a valid defense if the title in fact fails. On this point defendant cites such cases as Bethel v. Franklin, 57 Mo. 466, and Benton v. Klein, 42 Mo. 97. The promises made by plaintiff's officers to the third party as purchaser, to the effect that it would guarantee the title to the land, were not made for defendant's benefit. He was not a purchaser of the land but signed the note with the purchaser because he was attempting thereby to collect, by a sale of land supposed to belong to his co-debtor, a debt for which he was already bound.

There is no valid reason for saying that plaintiff has collected and satisfied its judgment against defend-

ant and Green by a sale and bidding in of the land supposed to belong to Green. The facts clearly show that plaintiff did not actually collect anything but merely incurred some additional costs. The plaintiff did not take title to the land in itself. It is competent for one who bids in land at a public sale to transfer his bid to another who takes the title direct by means of the sheriff's deed. One who bids in land at a sheriff's sale under execution, in the absence of a sheriff's deed to him, receives no title. A sheriff's deed is essential to convey title and such title vests in the grantee in such deed. [Strain v. Murphy, 49 Mo. 337, 341; Blodgett v. Perry, 97 Mo. 263, 275, 10 S. W. 891; Leach v. Koenig, 55 Mo. 451; Page v. Bettes, 17 Mo. App. 366, 380; Land & Lumber Co. v. Franks, 156 Mo. 673, 689, 57 S. W. 540; Massey v. Young, 73 Mo. 260, 269; 3 Devlin on Deeds, sec. 1426.] In Howell County v. Wheeler, 108 Mo. 294, 297, 18 S. W. 1080, where land was sold to pay a school fund mortgage and bid in by one who did not pay the amount bid and received no sheriff's deed, the court said: "The evidence in this cause does not show a payment of the bond or any portion thereof. No title has yet passed to the purchaser, because he would not accept the deed tendered him. [Blodgett v. Perry, 97 Mo. 263; Leach v. Koenig, 55 Mo. 451.] The matter of the sale, therefore, remains *in fieri,* and no satisfaction of the debt to the amount bid has occurred. A levy on land, even when consummated by sale, amounts to nothing unless proceeds are realized therefrom."

The defendant assigns error on the giving of the declaration of law that under the law and evidence the finding must be for plaintiff. Where the trial is to the court without a jury, we hardly see what the giving of such a declaration would mean other than to indicate in advance of actually entering judgment for plaintiff that the court intends to do so. It would be viewed differently in case of a jury as the court is then directing a verdict. It has been repeatedly held that in a

trial without a jury the only office of declarations of law is to disclose the theory on which the court decides the case. [Cushing v. Fleming, 151 Mo. App. 471, 478, 132 S. W. 52; Hayward v. Book & Stationery Co., 59 Mo. App. 453, 457.] Such a declaration as here given in so far as it indicates the theory on which the court decides the case is that under the whole evidence in the case the court thought the plaintiff entitled to a judgment. There is no theory of law declared. If the defendant desired the court to pass on a question of law based on disputed facts, it was his duty to submit a declaration based on the facts favorable to his theory. [Barnes v. Glover, 68 Mo. App. 571, 576; Hubbard v. Fuchs, 164 Mo. 426, 430, 64 S. W. 98.]

It is proper to say that on defendant's paying the judgment in this case the note sued on will not be thereby extinguished as between him and the purchaser of the land. It is intimated that the purchaser's title was in fact good and was merely allowed to go by default in the suit brought by the outside party for that purpose. If that be true, then, as the holder of the note secured by the deed of trust on said land was not made a party to the suit involving the title to the land, this defendant, who will succeed to its rights, will not be bound by that judgment.

The present judgment, being for the right party, will be affirmed.

*Robertson, P. J.*, and *Farrington, J.*, concur.