WILLIAM S. LEACH, Appellant, *vs.* GEORGE KOENIG, Respondent.

55 451
97 275
55 451
107 401
55 451
108 297
55 451
f156 689

1. *Sheriff's sale—Bid—Deed—Title passes, when.—*Until the money is paid and the deed executed, the bidder at a sheriff's sale acquires no title.

'2. *Sheriff's 'deed, relates back, when—*A sheriff's deed, as to defendant in execution and his privies, and as to strangers purchasing with notice, relates back to the date of the sale, and vests the title in the execution purchaser from that time.'

3. *Landlord and tenant—Attornment, void when.—*The attornment of a tenant to a stranger except in the cases mentioned in the statute, is void. (See Wagn. Stat., 880, § 15.)

*Appeal from Buchanan County Circuit Court.*

*Chandler & Sherman,* for Appellant.

The sheriff's deed relates back to the date of sale. (Winston vs. Affalter, 49 Mo., 263.)

After the sheriff's deed to appellant, the latter exhibited his deed to respondent and demanded rent, as he had a right to do, having succeeded to Saltzman's estate. (Wagn. Stat., 883, § 38; Walker vs. Harper, 33 Mo., 592.)

The attornment of Koenig to Pinger was void. (Wagn. Stat., 880, § 15; Schultz vs. Arnot, 33 Mo., 172; Rutherford vs. Ullman, 42 Mo., 216.)

*Allen H. Vories with Thomas & Ramey,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originally instituted before a justice of the peace under the Landlord and Tenant Act, to recover one month's rent, claimed to be due, and also possession of the premises.

By the record it is shown, that the premises in question were originally owned by one Augustus Saltzman, and that on the 29th day of June, 1870, a judgment was rendered against him for the sum of two thousand dollars. Execution was issued on this judgment, and the property was sold on the 24th day of September, 1870, and was bid off at the sheriff's sale

by one Maria Saltzman at the sum of twenty-one hundred dollars. Maria Saltzman failed to pay the amount bid by her, and on September 11th, 1871, she gave an order in writing to the sheriff, to make the deed to the plaintiff, and thereupon the plaintiff paid the amount of the purchase money and the sheriff executed to him a deed dated September 14th, 1871.

On December 24th, 1870, after the rendition of the judgment and the sale thereunder had taken place, Augustus Saltzman, Maria Saltzman and Conrad Saltzman, her husband, conveyed the premises to John Pinger, in trust for the use and benefit of Henrietta Saltzman ; and on the 3rd of February, 1871, Pinger, the trustee, the said Henrietta joining with him, leased the premises to the defendant for the term of one year, with the privilege of continuing the same for the term of two years. There was also evidence tending to prove, that Augustus Saltzman rented the property to the defendant on the 3d day of January, 1871, at the annual sum of five hundred dollars, the rent to be paid monthly ; that three months' rent had been paid to said Saltzman, and that the latter never consented that the rent should be paid to any other person; and that the plaintiff, after he received his deed, exhibited the same to the defendant and demanded the month's rent which was due, and that payment was refused. Upon this evidence the court instructed the jury, that the plaintiff could not recover, and in accordance with the rulings of the court, the jury returned a verdict for the defendant.

The statute provides, that any person purchasing lands and tenements, occupied by any tenant or lessee or sub-lessee at the time of such purchase who shall at any time thereafter fail to pay rent to such purchaser, upon such failure the person purchasing such property shall have the right to commence proceedings before a justice of the peace to recover possession. But before such proceedings are commenced, the plaintiff or his agent must make a demand of rent, as provided for, and at the time of making the demand, must exhibit to the tenant or person in possession of the premises, the deed under which he claims title, and if then payment is refused,

the owner may commence his action as aforesaid. (2 Wagn. Stat., 883, 884, §§ 38, 39.)

If then, at the time the deed to the plaintiff became operative and effective to pass the title to him, the defendant was Saltzman's tenant, the action was well brought.

The deed made to Pinger on the 24th day of December, 1870, by Augustus Saltzman and Maria Saltzman and her husband, transferred no title except what Augustus Saltzman possessed. Maria Saltzman had no title; she acquired none under the sale, and therefore could convey none. She bid in the property, but she paid nothing therefor, and, as a consequence no title vested in her. A title to land purchased at a sheriff's sale can only pass by the purchaser's obtaining a deed. Until the money is paid and the deed is executed the bidder gets nothing. The first time that any title passed was on September 14th, 1871, when the plaintiff paid the amount of the bid, and the sheriff executed to him a conveyance.

The only question then important to be considered, is when the deed took effect, and whether it related back to the day of the sale. The doctrine of relation is a fiction of law adopted by the courts for the purposes of justice, and it has been often held in this court, that a sheriff's deed relates back to the sale as to the defendant in the execution and his privies, and as to strangers purchasing with notice, and vests the title in the execution purchaser from the time. Whatever title Pinger took was derived directly from Augustus Saltzman, and therefore held in privity in estate with him, and so far as he was concerned the sheriff's deed would relate back. Again, Saltzman, the execution debtor, had previously rented the property for a year to the defendant, and under that renting he had gone into possession and there was evidence tending to show that Saltzman had never consented to defendant's attorning to any other party. If that were so, the recognition of any other landlord under the subsequent lease was void.

Wherefore the judgment should be affirmed. The other judges concur. Judge Vories did not sit.