HOWELL COUNTY v. WHEELER *et al.*, *Appellants.*

DIVISION ONE.

1. **School Mortgage :** ACTION ON ORIGINAL BOND : SURETIES. At a sale under a mortgage to secure school money a solvent purchaser bid in the land, and the sheriff made due return of the sale and the sum bid, which was more than the amount of the mortgage debt. Several days later, upon a tender of a deed by the sheriff, the purchaser refused to accept it, claiming that the title was bad. *Held* in a subsequent action on the bond secured by the mortgage that the maker and sureties on the bond were not discharged.

2. **Sheriff's Levy**: SATISFACTION OF DEBT. A levy on land even when consummated by sale amounts to nothing, unless the proceeds are realized therefrom.

3. **Sheriff's Return**: PRIMA FACIE EVIDENCE. A sheriff's return, on a mortgage, of sale and satisfaction to the amount bid, is, at least in a collateral proceeding, only *prima facie* evidence of such satisfaction.

4. **Supreme Court**: APPELLATE JURISDICTION. The supreme court has jurisdiction of an appeal in a case where a county is a party.

*Appeal from Howell Circuit Court.*—Hon. J. F. HALE, Judge.

AFFIRMED.

*Green, Evans & Clarke* for appellants.

( 1 ) The foreclosure of the mortgage was a complete satisfaction of the mortgage, and the debt secured by it to the extent of the purchaser's bid. Freeman on Executions, p. 434: *Ladd v. Blant*, 4 Mass. 402 ; *Trenary v. Chuver*, 48 Ill. 28 ; *Hoard v. Wilcox*, 47 Pa. St. 51. ( 2 ) The county court or the sheriff should have compelled McLelland to have paid the $116, or they should have resold the land. In support of this doctrine we quote from Mr. Freeman as follows: "Where, however, the levy is valid, and possession has been taken under it, the plaintiff has no right to abandon it against the will of the defendant. He is bound to proceed to sell the goods, and credit the proceeds on the writ." Freeman on Executions, sec. 271, p. 438 ; 3 Mo. 363 ; *Briggs v. Taylor*, 78 Mo. 71 ; *Parrott v. Dearborn*, 28 Vt. 180 ; *Moore v. Westervelt*, 104 Mass. 104 ; 27 N. Y. 234.

*Andrew Van Wormer* for respondent.

SHERWOOD, P. J.— Action on school bond. The petition in this cause omitting caption is as follows : "Plaintiff states that the defendants, W. H. Wheeler,

B. F. Olden and E. J. Davidson, on the ninth day of December, 1882, made, executed and delivered to plaintiff their certain bond or writing obligatory, filed herewith, whereby they promised to pay to the county of Howell in the state of Missouri, for the use of township twenty-four (24), range eight (8), the sum of $100, with interest from said ninth day of December, 1882, at the rate of ten per cent. per annum. Plaintiff states that the said bond is now due and unpaid, either in whole or in part. Plaintiff, therefore, prays judgment for the said sum of $100, with interest thereon."

The answer, after a general denial, sets up that a mortgage on certain real estate was executed by Wheeler to secure the payment of the bond declared on, and the mortgage was duly foreclosed under order of the county court, and that at the sale made by the sheriff one McLelland, a solvent purchaser, became the purchaser of the land at the sum of $116, and, therefore, the defendant answered that the debt in suit was paid and satisfied, etc. There was a reply filed.

The bond in suit was in this form :

"Know all men by these presents, that we, W. H. Wheeler as principal, and B. F. Olden and E. J. Davidson as securities, are held and firmly bound unto the county of Howell for the use of the inhabitants of school township twenty-four (24), range (8), west, in the sum of one hundred dollars ($100), for the payment of which, well and truly to be made, we bind ourselves, heirs, administrators and executors firmly by these presents.

"The condition of this bond is such that whereas W. H. Wheeler on the fourth day of December, 1882, borrowed of said county of Howell $100 with interest at the rate of ten per cent. per annum from the date thereof, the money the funds of said school township and range.

"Now, if the said W. H. Wheeler, his heirs, executors and administrators shall one year from the

date hereof pay the said sum of $100 with interest at ten per cent. from the date hereof, then this bond to be void, otherwise to remain in full force and effect.

" Witness our hand and seals, this the ninth day of December, 1882.

| | |
|---|---|
| " W. H. Wheeler, | [ Seal. ] |
| " B. F. Olden, | [ Seal. ] |
| " E. J. Davidson, | [ Seal. ]" |

It was shown in evidence that McLelland bid in the land for $116, and was solvent, and that the sheriff made due return on the mortgage of this sale and of the amount bid, and two or three days after the sale tendered McLelland a deed, but the latter refused to accept it,—the title to the land was defective. These matters were reported by the sheriff to the presiding judge of the county court, and, also, to the prosecuting attorney who advised that the sheriff let the matter rest, which was accordingly done.

I.   There is no substantial merit in the objection that the petition does not state facts sufficient to constitute a cause of action, as it sufficiently appears that default had been made in the payment of the bond.

II.   The evidence in this cause does not show a payment of the bond or any portion thereof.   No title has yet passed to the purchaser, because he would not accept the deed tendered him.   *Blodgett v. Perry*, 97 Mo. 263; *Leach v. Koenig*, 55 Mo. 451.   The matter of the sale, therefore, remains *in fieri*, and no satisfaction of the debt to the amount bid has occurred.   A levy on land, even when consummated by sale, amounts to nothing unless proceeds are realized therefrom.   2 Freeman on Executions [ 2 Ed.] sec. 269.

It is claimed in the brief of the defendants that the sheriff returned the mortgage satisfied to the extent of the bid ; but this statement does not seem supported, and if it were such return is not conclusive; it is only *prima facie*, and this is always the case where the

matters returned come collaterally in issue as in the present instance. Crocker on Sheriffs, sec. 45; *Burgert v. Borchert*, 59 Mo. 80. The doctrine as to the effect of a seizure and levy on personal property has nothing to do with this case.

III. This cause has been transferred to this court from the St. Louis court of appeals on the ground that it is a suit by a county. The cause was correctly transferred.

Judgment affirmed. All concur, but BARCLAY, J., absent.