HENRY A. WARD, Respondent, v. CONCORDIA FIRE INSURANCE COMPANY OF MILWAUKEE, Appellant.

In the Kansas City Court of Appeals, November 6, 1922.

1. **INSURANCE: Waiver: Agents Having Authority to Issue and Deliver Policies and Collect Premiums Thereon May Waive Stipulations Therein.** Agents of insurance companies having authority to countersign, issue and deliver policies and collect premiums thereon, may waive stipulations therein which purport to be essential to their validity, even though such policies contain a further stipulation that no agent has authority to waive any of the conditions or stipulations of the policy.

2. ———: ———: **Estoppel: Forfeiture: Where no Misrepresentation or Fraudulent Statements were Made by Insured in Obtaining Insurance, a Provision that Policy Should be Void if Interest of Insured was Other Than Sole and Unconditional Ownership in Fee Simple, Held Waived.** Where agents of insurance company were fully aware of defect in plaintiff's title and of claim that another was asserting to the property by reason thereof, and that suits to recover the property were pending, *held* that as the facts were known and no misrepresentation or fraudulent statements were made by insured in obtaining the insurance, the provision that the policy should be void if the interest of insured should be other than sole and unconditional ownership in fee simple, was waived and defendant was estopped to enforce a forfeiture thereof.

3. ———: **Insurable Interest: Burden on Plaintiff to Prove That He Had an Insurable Interest in Property Destroyed.** While waiver may estop the defendant from declaring the policy void on the ground that the title or interest of insured was not truly stated, it in nowise obviates the necessity of plaintiff's showing that he had such an interest as was insurable under the law, although under the valued policy statute (sec. 6229, R. S. 1919), whether the necessity of showing the extent or value of such interest is obviated, may be a question.

4. ———: ———: Equitable Interest: Possession of Property Under Bona-fide Claim of Title, Legal or Equitable, Held Sufficient Insurable Interest. One in possession of property under a bona-fide claim of title, legal or equitable, has an insurable interest therein.

5. ———: Where Purchaser Without Knowledge of Defect in Title of Pseudo Guardian Made Permanent Improvements on Property Enhancing the Value Thereof to the True Owner, Held to Have an Equitable Interest which was Insurable. Where plaintiff bought property from one who purchased from a *pseudo* guardian who had no right to sell, and who did not thereby bind the owner, he obtained no equitable rights whatever in the property, except such as were shown to be based upon a benefit which could be traced back to the true owner, but if the money paid for the property at the so-called guardian's sale went to the owner or was used for his benefit, and if plaintiff after his purchase, made permanent improvements on the property which enhanced the value. thereof in the true owner's hands, then to that extent, plaintiff had an equitable interest in or lien upon the property which was insurable.

6. ———: Pleading: A Petition Alleging that Plaintiff was Owner of Property Insured, Held Sufficient to Support a Case Based upon an Equitable Insurable Interest. A petition alleging that the plaintiff "was and now is the owner of" the property insured, describing it, *held* to contain a sufficient averment of insurable interest and to support a case based upon an equitable insurable interest.

7. INSTRUCTIONS: Where There was on Issue as to the Interest of Insured in Property Destroyed, an Instruction Omitting Facts Necessary to be Found in Order to Establish that Plaintiff had an Equitable Interest Therein, Held Erroneous. In a suit upon an insurance policy where there was an issue as to the interest of the plaintiff in the property insured, an instruction that if the provision as to ownership in fee simple was waived and that the fire occurred, then the jury should find for plaintiff, which omitted entirely all facts necessary to be found in order to establish that plaintiff had any equitable interest in the property, was erroneous.

8. INSURANCE: Damages: Vexatious Delay: Where Question of Insured's Equitable Rights in Property Destroyed was not Clear, Company Held to Have the Right to Litigate Question Without Being Penalized for Vexatious Delay in Paying Loss. Where evidence as to plaintiff's equitable rights in property destroyed was shown in a very meagre and indefinite way, the insurance company had the right to have the question of whether plaintiff had any equitable rights therein litigated without being penalized for vexatious delay in paying loss.

Appeal from the Circuit Court of Grundy County.—
*Hon. L. B. Woods,* Judge.

REVERSED AND REMANDED.

*R. E. Kavanaugh* and *A. G. Knight* for respondent.

*R. S. Robertson* for appellant.

TRIMBLE, P. J.—This is a suit on a fire insurance
policy issued by defendant to plaintiff on the 15th of
November, 1917, covering a dwelling and a woodhouse
appurtenant thereto, in Trenton, Missouri, whereby the
former was insured for three years in the sum of $2500
and the latter for $200. The property burned on August
6, 1918. Defendant, on November 5, 1918, paid the
full amount of the insurance on the furniture, to-wit,
$500, and, refusing to pay the loss on the building, tend-
ered to insured the full amount of the premiums ($25.20)
paid for the insurance thereon. Plaintiff accepted the
insurance paid as a total loss on the furniture, but re-
fused the tender of the premiums paid for insurance on
the buildings, and on July 22, 1919, brought this suit
on the policy to recover the loss on them, alleging vexa-
tious refusal to pay and asking damages and attorney's
fee on that account.

The controversy relating to the insurance on the
buildings arises principally over plaintiff's ownership of
and title to the property, which is portrayed by a re-
cital of the following facts:

The lot on which the buildings were located was,
in the year 1895, owned by and stood in the name of
Nathaniel Shanklin who, in that year, became insane and
was confined in a hospital. While thus confined, the
probate court, upon an inquiry had, rendered a judg-
ment finding him insane and appointing a guardian for
him. Under proceedings thereafter instituted by the
guardian to sell real estate for the payment of debts,
the lot was sold to one Berry on May 3, 1900, who on

December 26, 1904, sold it to the plaintiff herein for $2600. The latter went into possession and occupied the dwelling until it was burned as heretofore stated.

In 1910, Shanklin recovered his sanity and thereafter brought several suits to set aside the various deeds made by the guardian on the ground that as Shanklin was never notified of the proceeding to adjudge him insane, the judgment and the deeds made by the guardian were void. Among these suits was one of Shanklin against plaintiff to recover the particular lot involved herein and another of Shanklin v. Boyce to recover certain other property. These suits were pending in the circuit court at the time the policy sued on herein was issued.

Thereafter the case of Shanklin v. Boyce was appealed to the Supreme Court, the case against plaintiff being continued pending a decision in the Boyce case. A decision was handed down in the latter case on June 4, 1918, (see Shanklin v. Boyce, 204 S. W. 187), and thereafter, on August 6, 1918, as heretofore stated, the property covered by the policy herein burned.

As hereinbefore said, suit was brought on the policy on July 22, 1919, and on November 14, 1919, trial was had resulting in a verdict for plaintiff in the sum of $2500 loss on the house with $150 interest thereon, $200 on the woodhouse with $12 interest and an attorney's fee of $250, aggregating $3112; said judgment was rendered for that amount.

From that judgment defendant appealed to this court, the case being argued and submitted at the October Term, 1920. In the meantime, the case of Shanklin v. Ward (plaintiff herein) had been heard and decided by the circuit court and appealed to the Supreme Court by Shanklin. It being manifest that the nature and extent of Ward's interest in the property would be determined by the Supreme Court in that case and that such would have an important bearing on the question raised in this insurance suit, this court laid the present case aside until the case of Shanklin v. Ward, should be finally de-

termined in the Supreme Court, which was done on December 19, 1921. [See Shanklin v. Ward, 236 S. W. 64.]

The policy contained the usual provision that if the interest of the assured be or become "other than the entire, unconditional and sole ownership of the property" or "if the buildings insured be on ground not owned by the assured in fee simple" the policy should be void "unless otherwise provided for by agreement endorsed thereon," and that no agent of the Company had authority to waive any of the above conditions. The defendant pleaded these provisions, and, after setting up the facts showing that the guardian's deed through which plaintiff claimed title was void, asserted that plaintiff was not the owner in fee of the property and that the policy was void for that reason.

The reply set up the insanity of Shanklin, the appointment of a guardian, the indebtedness of Shanklin, the order of sale to pay debts, the purchase by Berry at such sale, the guardian's deed to him and the conveyance by Berry to plaintiff for a consideration of $2600 which plaintiff, in good faith and without notice of any defect in said proceedings, paid to Berry; that the money (amount not stated) paid by Berry to said guardian was used by him for Shanklin's benefit and the payment of his debts; that plaintiff paid the purchase price of $2600 in good faith to Berry believing in good faith that he was getting the fee simple title to the lot; that, in good faith and relying upon his apparent fee simple title to the land, plaintiff expended large sums of money, time and labor in making permanent and valuable improvements on said property amounting to about $11,000; that plaintiff's grantor, Berry, expended $500 in permanent improvements on the property; that plaintiff and his grantor paid, since the year 1900, the sum of $500 in taxes thereon; and that plaintiff, believing in good faith that he had received from Berry a good title, went into and continued in possession of the property up to the time he took out the policy in question as well as up to and including the time of the fire.

The reply further pleaded that the agents of defendant at Trenton who issued and countersigned the policy and collected the premiums had full knowledge of all the facts relating to the imperfection in plaintiff's title and of all the facts pleaded by defendant to show want of title in plaintiff and that defendant was estopped to plead want of title in plaintiff or any defect therein.

It is well settled in this State that agents of insurance companies having authority to countersign, issue and deliver policies and collect premiums thereon may waive stipulations therein which purport to be essential to their validity, even though such policies contain a further stipulation that no agent has authority to waive any of the conditions or stipulations of the policy. And when this is done the company is estopped from claiming a forfeiture on account of any such waived provisions. [Springfield Steam Laundry Co. v. Traders Ins. Co., 151 Mo. 90; Thompson v. Traders Ins. Co., 169 Mo. 12; United Zinc Co. v. General Accident, etc., Assurance Corp., Ltd., 144 Mo. App. 380, 388; Manning v. Connecticut Fire Ins. Co., 176 Mo. App. 678; Parsons v. Knoxville Fire Ins. Co., 132 Mo. 583.] There is abundant evidence in the case that said agents were fully aware of the defect in plaintiff's title and of the claim Shanklin was asserting to the property by reason thereof. The suits by Shanklin to recover his property were then pending in the circuit court at Trenton and the matter was fully discussed and talked over by plaintiff with such agents. The facts were fully known and no misrepresentation or fraudulent statements were made by insured in obtaining the insurance, and hence the provision that the policy should be void if the interest of insured should be other than the sole and unconditional ownership in fee simple was waived, and defendant is estopped to enforce a forfeiture on that ground. The facts supporting such alleged waiver and estoppel were submitted to the jury, and it, by its verdict, found that the same existed. Indeed, there was no contention that said agents did not know the facts as they existed. But,

211 M. A.—36

even if such waiver and consequent estoppel be established, it does not seem to us to follow therefrom that all questions as to whether plaintiff had an insurable interest in the property is dispensed with or drops out of the case. Waiver may estop the defendant from declaring the policy void on the ground that the title or interest of insured was not truly stated; but it in nowise obviates the necessity of plaintiff's showing that he had such an interest as was insurable under the law. As a matter of public policy and regardless of waiver, plaintiff would not be allowed to recover if it turned out that he had no insurable interest in the property. Hence, even if the waiver and consequent estoppel exists, plaintiff must nevertheless prove that he had an interest that could be insured; and doubtless it would be well for him to show the *extent* of that interest. Whether, under our valued policy statute (section 6229, Revised Statutes 1919), the necessity of showing the extent or *value* of such interest is obviated, may be a question. The holding in La Font v. Home Ins. Co., 193 Mo. App. 543, 550, would seem to indicate that the statute applies even to a case of this kind. But at any rate whether it does or not, plaintiff is in no wise relieved of the necessity of establishing the fact that he had an insurable interest.

Now, it is ordinarily said that if one is in possession of property under a bona-fide claim of title, legal or equitable, he has an insurable interest therein. [Travis v. Continental Ins. Co., 32 Mo. App. 198; Parks v. Hartford Fire Ins. Co., 100 Mo. 373.] And it seems to be tacitly assumed by plaintiff that as the facts pleaded in the answer and reply concerning the title to the lot conclusively show that he was in possession claiming in good faith to own the property, therefore he had an insurable interest therein. But we apprehend that in this case something more is necessary than to merely show possession and a bona-fide claim of ownership In all such cases the insured was in possession and claiming to own the property, or to have an interest therein, *by reason of some transaction or dealing with the true*

*owner thereof.* But in this case the true owner had no dealings of any kind with the plaintiff whereby the latter could claim equitable rights through any *course of dealing* with the true owner. It is no doubt true that an equitable interest is sufficient to support an insurable interest. [1 Cooley's Briefs on Ins., 150; Hubbard v. North British, etc., Ins. Co., 57 Mo. App. 1.] And, generally speaking, anyone who will suffer a present and not a mere expectant or prospective loss from the destruction of property) has an insurable interest. [Home Ins. Co. v. Mendenhall, 164 Ill. 458.] But, in the case at bar, plaintiff by his *mere* purchase and occupation of the property obtained no equitable rights therein. He bought from one who purchased from a *pseudo* guardian who had no right to sell, and who did not thereby bind the owner. In other words, plaintiff obtained no equitable rights whatever in the property except such as are shown to be based upon *a benefit which can be traced back to the owner* Shanklin. If the money paid for the property at the so-called guardian's sale, or any part thereof, went to the owner or was used for his benefit, and if the plaintiff after his purchase made permanent improvements on said property which would enhance the value of the property in the true owner's hands, then to that extent plaintiff had an equitable interest in or lien upon the property. [Shanklin v. Ward, 236 S. W. 69.] And such interest is an insurable interest, at least to the extent of the amount of money that went to the benefit of the true owner and the value of the permanent improvements that were covered by the insurance. [1 Cooley's Briefs on Ins., 156; Insurance Co. v. Stinson, 103 U. S. 25.]

But defendant contends that the petition pleaded an entire absolute and unconditional fee simple title and therefore plaintiff must recover on such title and none other. The cases cited by defendant in support of this proposition are cases where the pleadings throughout presented the case on that issue. But such is not the case here. The petition alleged that the plaintiff "was

and now is the owner of'' the property insured, describing it. This was a sufficient averment of insurable interest. [Jones v. Philadelphia Underwriters, 78 Mo. App. 296; 1 Cooley's Briefs on Ins., 220, 221.] Especially after verdict Gustin v. Concordia Fire Ins. Co., 164 Mo. 172. And when the facts subsequently pleaded disclosed the nature of plaintiff's insurable interest we think the pleadings taken as a whole were sufficient to support a case based, not upon the issue of sole and unconditional ownership in fee·simple, but upon an equitable, insurable interest in .plaintiff. [Brown v. Connecticut Fire· Ins. Co., 197 Mo. App. 317.] It is urged that the reply in no way asserts an equitable interest. It does not in. those very words, but it sets up facts which show that his interest was necessarily of that character.

But the difficulty with plaintiff's case is not that his pleading is sufficient to justify or support a verdict in his favor for insurance· on his equitable interest. The trouble is the case was submitted upon instructions which merely told the jury that if the provision as to ownership in fee simple was waived and that the fire occurred then they should find for plaintiff for the amount of the damage to the buildings not exceeding $2500 on the house and $200 on the woodhouse. This submission omitted entirely all facts which were necessary to be found in order to establish that plaintiff had any equitable interest in the property. For, as we have heretofore stated, he had no equitable interest therein which he could insure and recover for loss thereof except such as could be traced back to Shanklin either by directly inuring to his benefit or by enhancing the value of his property by permanent improvements placed thereon by plaintiff and which were covered by insurance. [McKenzie v. Donnell, 151 Mo. 461, 471.] Hence the submission of the case in plaintiff's instructions were defective in that they omitted this necessary issue.

Whether, under the valued policy statute, plaintiff is required to show the extent or value of his equitable

interest which is covered by the insurance is a question which the parties did not see fit to mention in any way and the extent. of our investigations does not justify us in attempting to rule upon it either way. However, there is a question of whether there was a total or partial loss, and it would seem to be safer, upon another trial of the case, for plaintff to show the amount of money paid to the so-called guardian and that it went to the use and benefit of Shanklin, as well as the amount expended in permanent improvements on the property and which are covered by the insurance. It does not appear from the evidence what amount was paid for the property to the so-called guardian. Nor does it .seem to us that expenses paid for sidewalks and other improvements which were not covered by the insurance could be counted in as a part of plaintiff's insurable interest. They were not destroyed by the fire nor covered by the insurance; and while they might be included in the equitable interest plaintiff had as against Shanklin they could afford no ground of loss as against defendant.

As the case will have to be retried we should perhaps notice the contention that the evidence showed a partial and not a total loss. The evidence is amply sufficient to justify the jury in finding that there was a total loss. Under the evidence the question of total or partial loss was for the jury. [Prather v. Connecticut Fire Ins. Co., 188 Mo. App. 653.]

Contention is made that the policy was void and the demurrer should have been sustained for fraud of plaintiff in not stating the true condition of the title in his proofs of loss, but the point is without merit.

We do, however, think that under the circumstances of this case there is no ground for the infliction of a penalty for vexatious delay. The steps toward a settlement were proceeding in the regular way when Shanklin notified the Company that he and not plaintiff owned the property. This was true, as shown by the decision of Shanklin v. Boyce, 204 S. W. 187. Whereupon the Com-

pany refused to pay. Plaintiff made no claim of right based on any equitable right or lien until in the reply filed in the case; and the trial failed to show, except, in a very meagre and indefinite way, that he had any equitable lien for any substantial sum. The question of whether he had any such equitable rights was one the Company had the right to have litigated without being penalized.

The judgment is reversed and the cause is remanded for a new trial. All concur.