## J. A. RUSSELL, Respondent, v. THE HOME INSUR-ANCE COMPANY, Appellant.

In the Springfield Court of Appeals, May 12, 1924.

1. **INSURANCE: Contract to Convey to Stranger, and Delivery in Escrow, Renders Fire Policy Void, Where Terms so Provide.** A fire policy, providing that change of title should render it void, is rendered void by insured's contracting to convey to stranger to satisfy notes, and delivering the deed in escrow, though insured retains possession, and neither deed nor notes have been delivered when fire occurred.

2. ———: **Deed in Escrow to Insured Mortgagee by Insured Mortgagor Held not Change of Title nor Commencement of Foreclosure Proceedings.** Where fire policy contained a "loss payable" clause protecting interest of mortgagee of the insured property, and insured mortgagor, pursuant to contract with mortgagee, executed a conveyance of the premises to the mortgagee and deposited it in escrow to be delivered when mortgagee surrendered mortgagor's notes, the satisfaction of which was the consideration for the conveyance, but the deed had not been delivered by the escrow holder, and the mortgagor was still in possession when a fire occurred, *held*, that the transaction did not avoid the policy not being either change of title or commencement of foreclosure proceedings, but at most merely a postponement of foreclosure of the mortgage.

Appeal from the Circuit Court of Wright County.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*Kirby Lamar, Curtis & Vandeventer* and *E. L. Snider* for appellant.

(1) Plaintiff had ceased to occupy the property as owner long before the fire. He therefore did not have an insurable interest in the building at the time of the

loss and did not sustain any loss. Lafont v. Ins. Co., 193 Mo. App. 543; Wisecupp v. Ins. Co.; 186 Mo. App. 310; Raney v. Ins. Co., 246 S. W. 57. (2) When the contract shown was made, the property was transferred to and stood at the risk of grantee, the bank. If the land increased in value, it got the benefit of the advance. Snyder v. Murdock, 51 Mo. 175. (3) Defendant ought not to be held to protect a risk contrary to the terms of its contract and under new conditions not contemplated when the policy was written, against hazards to which it would not have been subjected had conditions remained as they were when the policy was written. Barnard v. Ins. Co., 27 Mo. App. 26; Dolin v. Ins. Co., 88 Mo. App. 666.

*J. W. Jackson* and *Harry D. Durst* for respondent.

(1) Plaintiff still retained the title to, and the possession of the farm. The contract of sale was executory and performed by either party. The Bank of Hartville still held the notes against plaintiff and the deed executed by plaintiff was never delivered. Plaintiff, therefore, had an insurable interest in said dwelling house, and the judgment should be affirmed. Hubbard v. Ins. Co., 222 S. W. 886, 205 Mo. App. 316; Terminal Co. v. Ins. Co., 194 S. W. 722; Ogden v. Ins. Co., 199 Mo. App. 611, 204 S. W. 46; Walton v. Ins. Co., 162 Mo. App. 316, 26 C. J., p. 232 and notes. (2) The effect of the agreement between plaintiff and the bank was no more than a postponement, for a period of one year, of the foreclosure of the deed of trust held by the bank securing the notes, then in default, executed by plaintiff. Plaintiff's title or interest was not changed, and defendant's risk was not increased thereby and a forfeiture by plaintiff ought not to be held therefor. Tebeau v. Ins. Co., 197 S. W. 130; Johnson v. Ins. Co., 205 S. W. 226; Walton v. Ins. Co., 162 Mo. App. 316; Goff v. Roberts, 72 Mo. 570.

FARRINGTON, J.—The plaintiff recovered a judgment below and defendant appeals bringing but one question for decision here, and that purely one of law. We will mainly adopt appellant's statement for this opinion.

"This is an action on a fire insurance policy, issued by appellant to respondent, to which was attached what is known as a short-form mortgage or loss payable clause, making loss, if any thereunder, payable to the Bank of Hartville, as its interest might appear, but subject to all terms and conditions of the policy. It covered $1500 on a farm dwelling, located on a tract of 427 acres, and $500 on household furniture, etc., therein."

"The dwelling and part of the furniture then therein was destroyed by a fire during the term for which the policy was issued, and appellant declined to pay the claim made giving as a reason that after the policy was issued, and before the fire, plaintiff disposed of the property by contract and deed and ceased to occupy it as owner as he had previously done."

"The alleged transfer was for the consideration that certain indebtedness due from plaintiff to grantee should be satisfied."

"Appellant contends that because of, and by the contract and deed mentioned, and by each of them, a change took place in the interest, title and possession of respondent in, and his title to said property, by which, according to its terms said policy was rendered null and void; that the judgment was improperly rendered and should be reversed."

The contract for a deed to be delivered by the plaintiff to the Bank grew out of an indebtedness payable by the plaintiff to the Bank of Hartville, which was the interest said Bank had in the property that was recognized in the policy under the loss payable clause of same.

A deed was made to the defendant by the plaintiff and deposited with a custodian in escrow to be delivered when the notes were to be delivered provided that plaintiff would keep possession of the premises over the

time that the fire occurred. The evidence shows that when the fire occurred the plaintiff was in possession, the deed had not been delivered to the Bank and notes had not been delivered. The notes, under the contract, were to bear no interest from the date of the contract of sale, and the contract provided that $200 was to be paid, and was paid for the possession from the time of the making of the contract of sale to the date set when the deed was to be delivered and the notes of plaintiff were to be turned over to him. Under this state of facts we have no hesitancy in saying that had this contract been made with an outside party, one whom the insurance company had not recognized in the policy of insurance, such transaction under Missouri authorities would have rendered the policy void. [See Hubbard v. Home Insurance Co., 205 Mo. App. 316, 321, 222 S. W. 886; Manning v. Insurance Co., 123 Mo. App. 456, 99 S. W. 1095; Snyder v. Murdock, 51 Mo. 175; Springfield Steam Laundry v. Traders' Insurance Co. of Chicago, 151 Mo. 90, 52 S. W. 238; American Fire Ins. Co. v. Ellison, 269 Mo. 410, 190 S. W. 879.]

In none of these cases, however, did the facts disclose that the purchaser of the thing insured had been already recognized by the policy as one having an interest in the policy and a contract to pay to such interested party the loss, should one occur.

Here we have a policy providing that in case of loss by fire the defendant will pay to the Bank of Hartville the amount of such loss as its interest may appear. We have an insurer agreeing that for a certain premium paid it will pay to an owner of property and to one having an interest therein the amount of the losses if fire occurs. There is no intimation that the fire originated in a wrongful way; no claim that the same interest, so far as actual facts are concerned, was not in the property owned by the bank and the plaintiff before and after the contract to transfer was made.

The defendant in this policy recognized that the bank had an interest in the property, and had there not

been the agreement entered into between the parties that at the end of the year the notes would be cancelled and deed delivered, the point now relied upon would not have been made. The defendant expressly recognizes by the loss clause in the policy that the plaintiff and the Bank of Hartville had an insurable interest in this property, and because perchance the technical form prescribed in the policy was not literally complied with the insurance company appeals to the court to relieve it of liability.

The interest of the bank, that is, the notes of plaintiff which it held, far exceeded the amount of the policy, therefore if the plaintiff and the bank had let the matter stand as it was when the policy was written, and a fire occurred, the defendant would have been required to pay the loss to the bank under its contract of insurance and the plaintiff would have actually had no more interest than now in the amount recovered other than to see that it was paid to the bank to be applied on his notes. Now when the physical control and possession of the property were exactly the same when the fire occurred as when the policy was written, where the parties who are in control and interested in the loss are the same when the fire occurred as when the policy was written, we do not believe that the contract which they entered into providing for delivery of a deed and the notes at a future date was a breach of the contract of insurance which was material to the risk. Cases which are cited present facts where strangers to the original contract of insurance have become interested in the property, thus changing the status of the risk and therefore materially affecting it.

We stated in the first opinion handed down in this case that the effect of the escrow contract was in the nature of a foreclosure proceeding, from which statement counsel for appellant construed, and doubtless had a right to so construe, that we were holding that the escrow contract was in effect the commencement of foreclosure proceedings, which is also prohibited in the insurance policy.

On reconsidering the effect of that contract, we hold that it was at most merely a postponement of the foreclosure of the mortgage rather than a commencement of foreclosure proceedings, and therefore to hold the policy was not avoided on this account is not contrary to the law as declared in the case of Springfield Steam Laundry v. Insurance Co., 151 Mo. 90, 52 S. W. 238; State ex rel. American Fire Ins. Co. v. Ellison, 269 Mo. 410, 190 S. W. 879, which hold that where commencement proceedings are begun under a policy avoiding it, if such is the case, the courts will enforce the forfeiture.

We have been unable to find any cases exactly in point in this State where the question under the facts of this case has been decided. The question has been up, however, in the State courts of other States, as in the case of Boston Co-operative Bank v. American Central Insurance Co., 201 Mass. 350, 85 N. E. 594, 23 L. R. A. (New Series) 1147. There the Supreme Court of Massachusetts holds that the policy under such facts as are disclosed in this record is void. In the note to that case it will be found that the courts of Maine have held to the same effect in the case of Brunswick Savings Inst. v. Commercial Union Insurance Co., 68 Maine, 313, 28 Amer. Rep. 56; and to the same effect is the case of Hoxie v. Prov. Mutual Fire Ins. Co., 6 R. I. 517. [See, also, Brecht v. Law, Union & Crown Ins. Co., 160 Fed. 399, 18 L. R. A. (New Series) 197.]

On the other hand, we find the Supreme Court of Kansas holding that a purchase by the mortgagee, when he is already named in the mortgage, will not avoid the policy. [Dodge v. Hamburg-Bremen Fire Ins. Co., 4 Kan. App. 415, 46 Pac. 25.] To the same effect is Ft. Scott Building & Loan Co. v. Palestine Ins. Co., 74 Kan. 272, 86 Pac. 142. [See, also, Washburn Mill Co. v. Fire Ass'n, 60 Minn. 68, 61 N. W. 828, 51 Am. State Rep. 500, and Pioneer Savings & Loan Co. v. St. Paul F. & M. Ins. Co., 68 Minn. 170, 70 N. W. 979; Bragg v. New England Mutual Fire Ins. Co., 25 N. H. 289; Washington Ins.

Co. v. Hayes, 17 Ohio State Rep. 432, 93 Amer. Decs. 628; Continental Ins. Co. v. Ward, 50 Kan. 346, 31 Pac. 1079.]

In the case of Walton v. Insurance Co., 162 Mo. App. 316, it is held:

"Where a mortgagor of real property agrees with the mortgagee to convey the property to him if he will surrender the notes secured by the mortgage, and the mortgagor thereupon executes a deed and delivers it to a third person in escrow, for delivery to the mortgagee on the performance of a specified condition, the legal title to the property remains in the mortgagor until the condition is performed and the deed is delivered to the mortgagee."

"Where, after condition broken, a mortgagee of real property entered and the mortgagor executed a deed to him, which was delivered to a third person in escrow, for delivery on the performance of a specified condition, and the mortgagor agreed to pay the mortgagee rent for the premises thereafter, the legal title to the property was not divested out of the mortgagor and invested in the mortgagee until delivery of the deed was made to the latter by the third person, and hence the transaction did not breach a provision of a fire insurance policy, rendering it void on a transfer of title to the property."

The only material difference in fact in the Walton case from the present case, as shown in the opinion, is that the absolute conveyance on its face, made by the mortgagor to the mortgagee, was in fact a mortgage, as it provided he would have all over a certain sum derived from sale. But the court does not consider such fact in discussing the question above quoted. We think the same rule should apply in the case of mortgagor and mortgagee, both insured in a policy, as that which prevails between joint owners of property. The weight of authority in the latter classes holds that the provision against alienation, change of interest, etc., is not broken where one part owner deeds to another owner, both

having been previously named in the policy of insurance. [26 Corpus Juris, 236, sec. 290; Insurance Co. v. Fort Worth Grocer Co., 257 S. W. 273.]

We, therefore, hold that the provision in the policy relied upon by appellant was not breached, and that the policy at the time of the fire was in full force and effect, and the judgment of the trial court was right. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.