W. E. PATTEN AND R. T. POPLIN, RESPONDENTS, v. SPRINGFIELD FIRE & MARINE INSURANCE COMPANY, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed February 17, 1930.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2728, p. 778, n. 75; section 2830, p. 844, n. 66; Fire Insurance, 26CJ, section 302, p. 240, n. 53; section 369, p. 298, n. 98; Insurance, 32CJ, section 147, p. 1069, n. 58; Mortgages, 42CJ, section 1950, p. 280, n. 57; Trial, 38Cyc. p. 1950, n. 77.

*McNatt & McPherson* for appellant.

*A. G. Young* and *Howard Gray* for respondents.

COX, P. J.—Action upon a fire insurance policy. Jury waived and trial by court who found for plaintiff for $850, the amount of the policy. Defendant appealed.

This is the second appeal in this case. The first is reported in 11 S. W. (2d) 1101. On the former appeal the judgment was reversed for certain errors relative to questions not now involved in this case.

Plaintiff, W. E. Patten, was formerly the owner of the west half of the southwest quarter of section 21, Township 22, Range 31, in McDonald county, Missouri, on which was located a farm residence and other buildings. In April, 1925, Mr. Patten sold and conveyed this land to R. T. Poplin, the other plaintiff in this case, and took back a deed of trust for $3000 to secure the unpaid balance of the purchase price. On June 18, 1925, the defendant issued the policy sued on for the sum of $850 on the dwelling house located on the above-described land. This policy was issued to R. T. Poplin as owner and had attached to it the following loss payable clause: "Loss, if any, to be adjusted only with the insured named herein and payable to the insured and W. E. Patten, Webb City, Missouri, or assigns as their respective interest may appear subject nevertheless to all the terms and conditions of the policy." The policy contained certain

provisions which, if found to exist, would render the policy void, among which we need only mention the following: ". . . If any false statements are made in said application or otherwise that shall deceive the company to its injury; . . . or upon the commencement of foreclosure proceedings; or in case any change shall take place in title or interest or possession (except by succession by reason of the death of the insured) of the property herein named."

The alleged facts relied on by defendant to defeat the recovery are false swearing by Poplin in the proof of loss; the commencement of foreclosure proceedings and change in title to the premises.

In the proof of loss Poplin had stated that he was the sole, absolute and unconditional owner of the property described except that W. E. Patten of Webb City, Missouri, held a mortgage on the farm for $3000. That was the absolute fact when the policy was issued but defendant contends that by reason of the mortgage having been foreclosed before the fire a change in title had taken place and on account of that fact this statement in the proof of loss was false and voided the policy. This defense rests on the ability of defendant to establish the other defenses of commencement of foreclosure proceedings and change of interest and title and since these other defenses are also urged it will not be necessary to pass on the question of the truth or falsity of the statement as to title in the proof of loss for if the defense as to change of title fails the defense of false swearing in the proof of loss fails with it.

This brings us to the defense of commencement of foreclosure proceedings and change of title. The facts relative to these defenses are as follows: Poplin had defaulted in the payment of interest due on the mortgage to Patten and Patten had undertaken to foreclose under the terms of the deed of trust by advertisement and sale. Patten then discovered that a transcript of a judgment against Poplin had been filed in McDonald county which would create a lien on this land. He then decided to abandon foreclosure by advertisement and under the deed of trust and commenced foreclosure proceedings by suit in the circuit court and to have his mortgage decreed a prior lien to the lien of the transcript judgment. This suit was filed April 28, 1926. Judgment for plaintiff as prayed was rendered August 24, 1926, and execution ordered. Execution was issued and levied on this land December 23, 1926. Sale under this execution took place February 7, 1927, and Patten, the holder of the mortgage and plaintiff in the suit, bid in the property for $100. Deed to him by the sheriff was not executed until January 9, 1928. In the meantime, to-wit, on May 2, 1927, the house covered by the policy in suit burned. Defendant denied liability and on July 25, 1927, tendered back the premium that had been paid.

It will be observed that at the time of the fire on May 2, 1927, the foreclosure proceedings had proceeded to judgment and sale under the judgment but the deed to the purchaser had not been executed. On these facts, defendant insists that the two provisions of the policy providing that it should be voided if foreclosure proceedings were begun or a change in title should occur have been violated and for these reasons the policy became void and there can be no recovery upon it. The reply to this contention is a plea of waiver. When the case was here before we held there was sufficient evidence on the question of waiver to take that question to the jury and since the court sitting as a jury found for plaintiff, we could only hold that he must have found that a waiver had taken place. The facts relied upon to show waiver are substantially as follows: The defendant company is a non-resident company authorized to do business in Missouri, and J. S. Armstrong was its recording agent at Pineville, Missouri. Mr. Armstrong had countersigned this policy and had delivered it and collected the premium. About the first of November, 1925, when an installment of interest was due and unpaid, Mr. Patten learned that Mr. Armstrong had purchased the crop of corn on this farm from Mr. Poplin and he went to see Mr. Armstrong about it and protested against his buying the crop without the interest being paid. Mr. Patten testified that in that conversation with Mr. Armstrong about November 1, 1925, he said to Mr. Armstrong, "I am going to foreclose on that. Mr. Poplin has not paid the interest and I am starting proceedings now to foreclose on that. You should not buy the crop until you saw me about it." Mr. Patten testified to a number of other conversations between himself and Mr. Armstrong relative to the affair and the proceeding to foreclose the deed of trust. Without setting out these conversations in detail, suffice it to say that if the court, sitting as a jury, should believe that these conversations took place as testified to by Mr. Patten, he would be warranted in finding that Armstrong knew about the foreclosure proceeding from the time it was started. Mr. Armstrong denied he made the statements attributed to him by Mr. Patten and denied any knowledge of the foreclosure proceedings until after the fire but in our consideration of the case here we must accept the testimony of Mr. Patten as true. The trial court could pass on the weight of the evidence but we cannot. The relation of Mr. Armstrong to the insurance company was such that for the purposes of waiver, he was a general agent and knowledge on his part was knowledge of the company. It has been suggested that the conversations had with Mr. Armstrong by Mr. Patten were merely casual and this policy was not in mind at the time and for that reason the defendant should not be bound by them. We cannot see that the manner in

which Mr. Armstrong acquired the information that foreclosure proceedings were in progress was obtained, is material.. If he knew of the fact, no matter how he acquired the information, it was his duty to notify his company or take whatever steps were necessary to protect the interest of the company and when, with that information in his possession, he did nothing and took no steps to cancel the policy by reason thereof, he waived for the company the right to insist on a cancellation upon that ground after the fire had occurred. [Parsons v. Insurance Co., 132 Mo. 583, 31 S. W. 117, 34 S. W. 476; Springfield Steam Laundry Co. v. Insurance Co., 151 Mo. 90, 52 S. W. 238; Ward v. Concordia Fire Ins. Co., 244 S. W. 959; Ward v. Iowa State Insurance Co., 4 S. W. (2d) 895.]

It is contended that even if the commencement of foreclosure proceedings was waived there was no waiver as to a change of title and since the foreclosure proceeding had advanced to the point where the property had been sold, that the sale of the property caused the title to pass from Poplin and on that date his interest in the property passed from him and that fact avoided liability on the policy. The facts show that the sale was made February 7, 1927, and the fire occurred in the following May. The property was bid in by the mortgagee who was plaintiff in the foreclosure suit but no deed was made until January, 1928. This condition suggests two questions: First, when did the title pass from Poplin to Patten, the purchaser at the foreclosure sale; second, if defendant waived the commencement of foreclosure proceedings as the court must have found it did do, what was the effect of that waiver and how far along the course of the proceedings to foreclose did it extend.

It is clear to us that the title did not pass until the deed was executed and delivered. [Leach v. Koenig, 55 Mo. 451; Blodgett v. Perry, 97 Mo. 263, 275, 10 S. W. 891; Howell County v. Wheeler, 108 Mo. 294, 297, 18 S. W. 1080; Land & Lumber Co. v. Franks, 156 Mo. 674, 689, 57 S. W. 540; Chaonia City Bank v. Sollers, 190 Mo. App. 284, 291, 176 S. W. 263, and cases there cited.] As to the effect of a waiver of commencement of foreclosure proceedings, we are of the opinion that a waiver of the commencement of foreclosure proceedings and no steps having been taken to cancel the policy until after the fire, waiver of the commencement of foreclosure proceedings had the effect to keep the policy in force until such foreclosure proceedings had proceeded far enough to bring into being the other provision of the policy which provided that a change in interest or title of the insured should avoid the policy.

Under the facts in this case the change in interest or title of the insured that would avoid the policy did not, in our opinion, occur until the execution and delivery of the deed which was several

months after the fire. The sale took place in February, 1927, but the deed to the purchaser was not executed until January, 1928. The reason for the delay is not shown in this record but when we consider the fact that Patten had sold this farm to Poplin and took back a deed of trust thereon to secure $3000 of the purchase money it is but reasonable to assume that this land was worth more than $3000. When Patten, the mortgagee, bid this land in at the sale in February, 1927, for $100 and did not secure a deed from the sheriff until January 9, 1928, there must have been some reason for the delay. Evidently he did not regard himself as the owner from and after the date of the sale. He must have regarded himself still as the mortgagee for when in May, 1927, three months after the sale, the house burned, he called upon Poplin, the insured and owner at the time the policy was issued, to make the proof of loss and when Poplin made the statement in the proof of loss that he was the owner at the time of the fire subject to a mortgage to Patten, this must have been done with Patten's knowledge and consent which shows that he at that time regarded himself as still a mortgagee just as he was before the sale. When this suit was filed, August 29, 1927, Patten and Poplin joined as parties plaintiff and thereby each recognized that the other had an interest in the property although the sale under the foreclosure proceedings had taken place in the preceding February. Under these facts, if Poplin had then filed a motion to set aside the sale and permit him to redeem, the court would undoubtedly have sustained it and had that been done, as it legally might have been done, and Poplin had redeemed, then Patten would have been eliminated and Poplin would have been entitled to collect the insurance. We do not think Poplin had lost an insurable interest in this property at the time of the fire and as we view the effect of a finding that the commencement of foreclosure proceedings had been waived, his right to recover on this policy had not, at the time of the fire, been taken away from him under the foreclosure proceeding.

On the former appeal, we apparently based our conclusion as to the effect of a sale at foreclosure to the mortgagee upon our former holding in the case of Russell v. Home Insurance Company, 262 S. W. 385, and while we still adhere to the holding in the Russell case, we do not now deem this case parallel to it. In the Russell case the owner and mortgagor had entered into a contract with the holder of the mortgage that he would convey the property to the mortgagee on surrender of his notes and executed a deed for that purpose and placed it in escrow to be delivered when his notes were surrendered. In this case the owner of the land did nothing. All that was done was done by the mortgagee who began foreclosure

proceedings and when that action on his part was waived by the insurer we hold that such waiver left the policy in force thereafter until such time as the foreclosure proceeding should operate to transfer the title to the property to the purchaser at the foreclosure sale and that did not occur until the execution of the deed on January 9, 1928, and the fire having occurred May 2, 1927, the policy was then in force and the judgment is for the right party.

A number of declarations of law were asked by defendant and refused but we do not deem it necessary to discuss them. The only disputed question of fact was whether or not defendant had waived the commencement of foreclosure proceedings and our conclusion is that when that issue was found in plaintiff's favor, the effect of that finding coupled with the other conceded facts was to establish liability on this policy.

The judgment will be affirmed.

*Bailey* and *Smith, JJ.*, concur.

## ON MOTION FOR REHEARING.

Appellant insists that reversible error was committed by the court in refusing declaration of law No. 7 asked by it. This declaration of law is as follows:

"The court declares the law to be that if it finds and believes from the evidence that foreclosure proceedings were commenced in the circuit court of McDonald county, Missouri, to foreclose the equity of redemption of plaintiff Poplin in the insured property prior to the alleged fire loss and that the defendant had no knowledge of the commencement of such foreclosure proceedings, then the right of plaintiffs to recover under said policy was forfeited and they cannot recover in this action."

This declaration correctly states an abstract legal proposition, but knowledge that would bind defendant could not come to it directly but could only come to some agent of the company. The defendant is a corporation and can only act by and through its agents and can only acquire knowledge of facts through its agents. The only controverted fact in this case was whether defendant's agent, J. S. Armstrong, knew of the commencement of the foreclosure proceedings and whether he waived that ground of forfeiture and bound the company thereby. Had this trial been before a jury and this same declaration had been asked as an instruction to the jury we think it would have been erroneous because not informing the jury how knowledge could be acquired by the company. If it would have been erroneous as an instruction to a jury, it was not error for the court to refuse to give it as a declaration of law in a trial before the court. Instructions to juries or declarations of law in a trial

by the court should be based on the evidence, and the evidence as to knowledge on the part of defendant of the commencement of the foreclosure proceedings all tended to show knowledge on the part of J. S. Armstrong, the agent of defendant. Had this declaration of law stated that if the court should find that J. S. Armstrong, the agent of defendant, had no knowledge of the commencement of foreclosure proceedings, then the policy was forfeited and plaintiffs could not recover, it would have been in correct form and based on the evidence in the case and should have been given but we do not think the court erred in refusing it as written.

The motion for rehearing will be overruled.