**COMMERCIAL STANDARD INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, a corporation, Defendant.**

**No. 1386.**

United States District Court
W. D. Missouri, S. D.

Dec. 31, 1956.

Donald J. Hoy (of Neale, Newman, Bradshaw, Freeman & Neale), Springfield, Mo., for plaintiff.

Miller, Fairman & Sanford, Springfield, Mo., for defendant.

R. JASPER SMITH, District Judge.

Plaintiff, a Texas corporation, filed this action against defendant, a Maryland corporation, seeking proportionate reimbursement of certain amounts paid by plaintiff under its automobile liability insurance policy No. 666342, on the theory that double coverage existed for the motor vehicle insured thereunder, and involved under the terms of defendant's comprehensive liability policy No. 31-044419. Defendant counterclaimed for reformation of its policy in accordance with the alleged intention of the parties. The case was heard October 12, 1956, and after submission of briefs, was taken under advisement.

The facts of the various transactions leading to this controversy are largely undisputed and are in the record principally by stipulation. Requisite diversity of citizenship exists, the amount in dispute exceeds $3,000, and proper jurisdiction is established.

Both plaintiff and defendant are authorized to carry on the business of insurance in the State of Missouri. The A. T. Quisenberry Insurance Service, Inc., of Springfield, Missouri, is an insurance agency which acts as agent for plaintiff and defendant. It negotiated all of the contracts and policies of insurance which plaintiff and defendant issued to Chiles Tractor & Machinery Company. It also acted as insurance representative for the Chiles Company, to some extent at least, exercising its judgment and discretion in the selection of the nature and character of insurance coverage secured for the company, and of the insurance company or companies with which the coverage was placed.

Defendant annually, beginning December 3, 1951, and continuing until December 3, 1954, issued individual policies of automobile liability insurance in the name of R. H. Chiles, Sr. and Chiles Tractor and Machinery Company insuring a 1951 Chrysler Sedan, Serial No. 7187467, title to which was in the Chiles Company. On December 3, 1954, defend-

ant's policy No. 2–1148411 was issued insuring the 1951 Chrysler from that date until December 3, 1955. The premium charged by defendant under these policies was the "farmer's rate" for automobile liability insurance. The 1951 Chrysler was operated personally and regularly by R. H. Chiles, Sr., retired president of the Chiles Company, for his own pleasure, and was not used for business purposes. The car was garaged at his farm residence at Grogan, Missouri.

For the period February 12, 1954, to February 12, 1955, defendant issued to the Chiles Company a comprehensive liability policy No. 31–044338 which provided automatic automobile liability coverage for all vehicles owned or subsequently acquired by Chiles Company except the separately insured 1951 Chrysler. Under this policy all cars owned or acquired by the Chiles Company were covered except when excluded by endorsement. On January 4, 1955, the Quisenberry Agency wrote to defendant and requested cancellation of the individual policy No. 2–1148411, and an extension of coverage under policy No. 31–044338 to insure the 1951 Chrysler. Upon learning that the inclusion of the 1951 Chrysler under the coverage of policy No. 31–044338 would require the payment of a higher premium than would be required if the car was individually insured, the Quisenberry Agency asked defendant to eliminate the coverage on the car. Prior to February 3, 1955, defendant delivered its comprehensive liability policy No. 31–044419 to the Quisenberry Agency. This policy contained the same automatic automobile liability coverage as policy No. 31–044338. By endorsement attached to the policy, to be effective from February 12, 1955, to February 12, 1956, the 1951 Chrysler was eliminated from coverage and a net return premium was credited on the policy.

On February 12, 1955, the date of the elimination of the 1951 Chrysler from defendant's comprehensive policy, the Quisenberry Agency insured the car until February 12, 1956, with plaintiff under its policy No. 666342. The policy stated the insured's name as R. H. Chiles and Chiles Tractor & Machinery Company, address: Grogan, Texas County, Missouri, insured's occupation: farming. On February 22, 1955, the 1951 Chrysler was traded to McDowell Motors of Mt. Vernon, Missouri, on the purchase of a 1955 Chrysler, Serial No. N55–8607.

One of the "girls in the office" of the Quisenberry Agency was notified that the 1955 Chrysler had been substituted for the 1951 automobile, and apparently she, in the course of normal office routine, caused an endorsement to be made to the policy issued by plaintiff showing the elimination of the 1951 Chrysler and the addition of the 1955 car under the coverage of the policy. No endorsement excluding the 1955 Chrysler from coverage under the defendant's policy was ever made.

On May 21, 1955, R. H. Chiles, Sr., while driving the 1955 Chrysler registered in the name of the Chiles Company, collided head-on with an automobile driven by Arthur E. Carder, Jr. The accident occurred in Kansas, and Mr. Chiles and his wife were killed instantly. Carder, driver of the other car, was seriously injured, and his car badly damaged.

Plaintiff investigated the accident under the terms of its policy, entered into settlement negotiations with Carder and his father, and after suit was filed, a settlement was reached in which plaintiff paid the Carders the aggregate amount of $13,325. Plaintiff requested defendant to join in the investigation, defense and settlement of the claims, but defendant refused, declaring it had no legal obligation to do so, but agreeing that it would make no objection as to the reasonableness of the amounts paid.

In consideration for settling the claims, the estate of Mr. Chiles executed an assignment to plaintiff of all of the rights of Mr. Chiles against defendant under defendant's policy. Plaintiff then filed this action against defendant seeking a proportionate part of the loss which it alleges defendant should pay under Section 13 of the "Conditions"

contained in its own policy of insurance, as well as a proportionate part of the expenses incurred by plaintiff in effecting the settlement.

At the trial defendant admitted that the terms of its comprehensive liability policy, if taken literally, provide insurance coverage for the 1955 Chrysler. This admission disposed of one issue, and in essence left as the sole issue the question of sufficient admissible evidence to support a decree of reformation of defendant's policy.

■ The question of the admissibility of the extrinsic evidence relied on by defendant to support reformation can be resolved summarily. While parol evidence ordinarily is not admissible to contradict, alter, add to, or vary a written instrument, it is a general rule that parol evidence is admissible in a suit to reform a written instrument for mistake, and to show the true transaction, agreement, or intention of the parties. Wood v. Utter, 229 Mo.App. 309, 77 S.W.2d 832.

■ The primary question here is whether or not the evidence relied on by defendant is sufficient to support a decree for reformation. It is generally held that in order to establish a basis for reformation of an instrument a mere preponderance of the evidence is insufficient. Courts should exercise great caution and require a high degree of proof. The evidence must be clear, convincing and satisfactory. Stubblefield v. Husband, 341 Mo. 38, 106 S.W.2d 419; General Refractories Co. v. Sebek, 328 Mo. 1143, 44 S.W.2d 60; Employers' Indemnity Corporation v. Garrett, 327 Mo. 874, 38 S.W.2d 1049; Dutton v. Prudential Insurance Company of America, 238 Mo.App. 1058, 193 S.W.2d 938; and Byers v. Buettner, 239 Mo.App. 510, 191 S.W.2d 339.

Milton S. Phillips of the Quisenberry Agency testified that in the exercise of his judgment and discretion in insuring the vehicle personally and regularly operated by Mr. Chiles, he intended to secure the lowest possible rate for automobile liability coverage for the car, and that he, as agent for the Chiles Company, did not intend at any time to have the vehicle covered both by defendant's policy No. 31–044419 and by plaintiff's policy. As agent for defendant he did not intend to have the 1951 Chrysler or its successor, the 1955 Chrysler, covered by defendant's policy; but he intended the 1951 Chrysler to be insured only under the plaintiff's policy. He claimed that he would not have billed the Chiles Company for premiums covering the 1951 vehicle or its successor for both the premium on plaintiff's policy and a premium covering the car under defendant's policy. Furthermore, upon substitution of the 1955 Chrysler for the 1951 car the agency caused an endorsement to be attached to plaintiff's policy, but not to defendant's policy. He claimed that the contract of insurance between the Chiles Company and defendant was not intended to insure the vehicle regularly and personally operated by Mr. Chiles, and that if the defendant's policy as written did insure the 1955 Chrysler it was by his agency's error and mistake and did not express their true intention which was to eliminate the vehicle from any coverage by defendant. He further testified that he personally was unaware of the change of cars until after the accident, but that it was standard procedure for employees in the office to make endorsements of that character and that his office was notified.

Defendant proved that over a period of years prior to 1955 the automobile regularly and personally operated by Mr. Chiles, although owned by Chiles Tractor & Machinery Company, was insured separately from the other vehicles owned by the company which were covered by comprehensive liability policies.

The letters written by the Quisenberry Agency and by defendant evidence the parties' intention to exclude the 1951 Chrysler from coverage under defendant's policy.

The evidence shows that after an unsuccessful attempt to reduce the premium charges on Mr. Chiles' personal automobile, by including it under the coverage of defendant's policy, the original plan of

separate insurance was restored. At the time of the accident, the personal car of Mr. Chiles, regardless of make or model, was intended to be insured only under plaintiff's policy.

I find that the failure specifically to exclude the car from the coverage of defendant's policy was due to the mutual mistake of the parties to the contract, acting by and through their agent, the Quisenberry Agency. There can be no question but that none of the parties intended to have double coverage for the 1955 Chrysler.

The evidence, viewed as a whole, indicates that the parties intended to exclude the 1951 Chrysler from coverage under defendant's policy, not because it was a 1951 Chrysler, but because it was the personal car of Mr. Chiles and was operated for pleasure and not in the interest of the business of the Chiles Company. The intention of the parties clearly was to obtain separate insurance coverage for this personal car, whatever its make or model, simply to obtain reduced premium rates. The separate policies of plaintiff and defendant achieved this legal effect temporarily, until the 1951 car was replaced by a 1955 vehicle. The intent of the parties became frustrated when the Quisenberry Agency, through its mistake, failed to make the proper endorsement upon defendant's policy. On this issue, the evidence is "clear, convincing and satisfactory".

In Missouri it is no answer to say that notice to an agent is not notice to the company because of a clause in a policy to that effect. Here these intentions are imputed to defendant through the Quisenberry Agency. The knowledge of the local agents who negotiate insurance policies is the knowledge of the company, notwithstanding a contrary provision in the policy. Schuler v. Metropolitan Life Insurance Company, 191 Mo.App. 52, 176 S.W. 274, and Patten v. Springfield Fire & Marine Insurance Co., 223 Mo.App. 1070, 25 S.W.2d 1075.

For the reasons expressed here, the issues are adjudged against the plaintiff and in favor of the defendant. Because of the mutual mistake of Chiles Tractor & Machinery Company of Springfield, Missouri, and defendant Maryland Casualty Company, acting through their mutual agent, the A. T. Quisenberry Insurance Service, Inc., and in accordance with the defendant's counterclaim, defendant's policy of insurance No. 31–044419 is reformed to express the intent of the parties to eliminate from the coverage thereof the 1955 Chrysler Sedan, regularly and personally operated by R. H. Chiles, Sr.

To the extent that the Findings of Fact and Declarations of Law requested by plaintiff and defendant are not incorporated in this memorandum, the requests are denied.

Judgment will be entered accordingly. It is so ordered.